1

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 2 5 2004

Michael N. Milby
Clerk of Court

**EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** §

***PLAINTIFFS,*** § **CASE NO.** B-04-038

**V.** §

**COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE** §

***DEFENDANTS.*** §

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Cooper Tire & Rubber Company (hereinafter referred to as "Cooper Tire"), named as a Defendant in the above-entitled and numbered cause, and hereby files this its Notice of Removal of this action, Cause No. 2003-063352-C for Plaintiff Adonai Hernandez de la Garza's First Amended Petition and Plaintiffs' Edna Sarai Flores, Individually and as next friend of Ailany Jissel Charles, a minor, and on behalf of the Estate of Jesus Homero Charles Espinoza, deceased, Elma Espinoza First Amended Petition from the 197th Judicial District Court of Cameron County, Texas, where this action is now pending, to the District Court of the United States, in and for the Southern District of Texas, Brownsville Division. This Notice of Removal is filed pursuant to 28 U.S.C. §1332(a) and 1441(b) and TEX. CIV. PRAC. & REM. CODE §82.003. Defendant shows this Court as follows:

## I. Introduction

1. An action was commenced against Cooper Tire, General Motors Corporation (hereinafter "GM") and Jaime's Tire Store (hereinafter "Jaime's") in the 197th Judicial District Court of Cameron County, Texas. Two separate First Amended Petitions were filed on December 23, 2003 bearing the same Cause No. 2003-063352-C styled *Edna Sarai Flores, et al. v. Cooper Tire and Rubber Company, et al.* and *Adonai Hernandez De La Garza v. Cooper Tire and Rubber Company, et al.* respectively. Plaintiffs served Cooper Tire's registered agent in Texas, CT Corp. on January 26, 2004. Service of process was perfected on GM on January 26, 2004 and Jaime's on February 3, 2004.

2. This Notice of Removal is filed within thirty (30) days of the Defendant's receipt of the Citation and Petition and may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. §1332(a) and §1441(b) and TEX. CIV. PRAC. & REM. CODE §82.003. Diversity jurisdiction exists considering that co-Defendant Jaime's has been fraudulently joined.

3. The State Court in which this action was commenced is within this Court's District and Division.

4. Co-Defendant GM has expressly consented to this Removal by and through its legal representative, Deron Wade. Jaime's Tire Store is not currently represented by counsel and has not filed its answer in this cause, but does consent to this removal to the extent necessary.

5. Defendant Cooper Tire answered Plaintiffs' Petitions on February 13, 2004.

6. In accordance with the Local Rules of the Southern District of Texas, all executed process in the case are attached as Exhibit "A." All pleadings not already included in Exhibit "A" are attached hereto as Exhibit "B." There are no court orders or a docket sheet in this case to Defendant's knowledge. An index of all matters filed is attached as Exhibit "C." Finally, all counsel of record are listed in Exhibit "D."

## II. Argument and Authorities

7. Plaintiffs' lawsuits against GM, Cooper Tire and Jaime's arise out of an automobile accident on or about February 23, 2003 on Highway 2 in Matamoras, Mexico. Plaintiffs allege negligence, strict product liability, breach of warranty and gross negligence against GM and Cooper Tire. Plaintiffs allege the following causes of action against the alleged seller of the subject tire, Jaime's: negligence, breach of warranties and failure to warn.

**Jaime's Is Fraudulently Joined**

8. Plaintiffs' factual allegations against the non-diverse Defendant, Jaime's, are improperly commingled with their claims against Cooper Tire, the alleged manufacturer of the subject tire. This is done in an apparent attempt to confuse the issues alleged against Jaime's. *See* Plaintiffs' Amended Petitions, ¶¶ 5.7 to 5.12, Exhibit "B" attached. In short, Jaime's has been fraudulently joined in Plaintiffs' Petitions to defeat diversity jurisdiction.

9. Fraudulent joinder exists when:

(a) there is an outright fraud in the plaintiffs' recitation of jurisdictional facts;

(b) there is no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant in State court; or

(c) the diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability; and

(d) the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Tiggs v. John Crump Toyota, Inc.*, 154 F.3rd 1284, 1287 (11th Cir. 1998); *Madison v. Vintage Pet., Inc.*, 114 F. 3rd 514, 516 (5th Cir. 1997).

10. It is clear that Plaintiffs cannot establish a cause of action against the non-diverse Defendant (Jaime's) based on the recently amended Texas statute pertaining to innocent retailers. *See* TEX. CIV. PRAC & REM. CODE §82.003. Specifically, a seller that did not manufacture a product is not liable to a claimant unless that seller meets the criteria particularly described in

Section 82.003 of the Texas Civil Practice & Remedies Code (effective for actions filed on or after July 1, 2003) and outlined below. See *Id.*

11. Plaintiffs cannot maintain a cause of action against Jaime's for <u>negligent design</u> unless:

> (1) The seller participated in the design of the product;
>
> (2) The seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
>
> (3) The seller installed the product, or had the product installed, on another product <u>and</u> the claimant's harm resulted from the product's installation onto the assembled product. TEX. CIV. PRAC. & REM CODE § 82.003(a)(emphasis added).

Plaintiffs do not assert, as there is no evidence, that Jaime's negligently installed the subject tire and that the installation caused the claimants' harm. As such, that issue is not before the Court or discussed further in this motion. With respect to participating in the design or altering or modifying the product, Jaime's affirmatively denies doing so, as evidenced in Exhibit "E" to this Motion. Accordingly, Jaime's is an improper Defendant and is fraudulently joined for diversity purposes. This case should be removed as long as diversity jurisdiction exists.

12. Plaintiffs cannot maintain a cause of action against Jaime's for <u>failure to warn</u> unless:

> (1) The seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>
> (2) The warning or instruction was inadequate; and
>
> (3) The claimant's harm resulted from the inadequacy of the warning or instruction. TEX. CIV. PRAC. & REM CODE § 82.003(a)(4).

Again, Plaintiffs do not assert, and cannot assert due to no evidence, that Jaime's maintained substantial control over the content of the subject tire's warning. As such, Plaintiffs cannot maintain an action for failure to warn against the non-diverse Defendant, Jaime's. Accordingly, Jaime's is an improper Defendant and is fraudulently joined for diversity purposes and this Court has jurisdiction of this case.

13. Plaintiffs cannot maintain a cause of action against Jaime's for breach of implied or express warranty unless:

(1) The seller made express factual representations about an aspect of the product;

(2) The representation was incorrect;

(3) The claimant relied on the representation in obtaining or using the product; and

(4) If the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm. TEX. CIV. PRAC. & REM CODE § 82.003(a)(5).

Again, Plaintiffs do not assert, and cannot assert, that Jaime's made express representations about an aspect of the subject tire that was incorrect. As such, Plaintiffs cannot maintain an action for breach of warranty against the non-diverse Defendant. Jaime's has been improperly joined as a Defendant and this case should be heard by this Court.

**Diversity Jurisdiction Exists Without Jaime's**

14. The Court may disregard Co-Defendants' citizenship when considering whether diversity jurisdiction exists if there is a fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F. 2d 40, 42-43 (5th Cir. 1992). Therefore, the court should disregard the citizenship of

Jaime's.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1), in

that there is complete diversity of citizenship between the parties without the fraudulently joined

Jaime's and the sum or value of the claim exceeds $75,000.00, as follows:

(a)     Plaintiffs' Petition alleges that Plaintiffs were residents of Mexico (Adonai
        Hernandez De La Garza) and Texas.  Thus, Plaintiffs are residents of
        Mexico and/or Texas for diversity analysis.

(b)     Defendant Cooper Tire is a Delaware corporation and is organized
        pursuant to the laws of the State of Delaware.  Its sole address and
        principal place of business is Findlay, Ohio.  Thus, this Defendant is not a
        resident or entity with its principal place of business in Texas for diversity
        analysis.

(c)     Co-Defendant General Motors Corporation is a Delaware corporation and
        is organized pursuant to the laws of the State of New York.  Its sole
        address and principal place of business is in Detroit, Michigan.  Thus, this
        Defendant is not a resident or entity with its principal place of business in
        Texas for diversity analysis.

(d)     Co Defendant Jaime's Tire Store is authorized to conduct business in the
        State of Texas and is organized pursuant to the law of the State of Texas.
        However, Jaime's Tire Store was fraudulently joined as discussed above.
        Thus, this Defendant should not be considered for diversity analysis.

(e)     Plaintiffs seek an unspecified amount of damages but, based on the alleged
        severe injuries and death in Plaintiffs' Amended Petitions, Defendant can
        surmise that Plaintiffs seek an award in excess of $75,000.00.

**III. Conclusion**

15. This Notice of Removal will be filed with the 197th Judicial District Court of Cameron County, Texas, and a copy of this Notice of Removal will also be served upon the counsel for Plaintiffs.

16. Because Jaime's is a fraudulently joined Defendant and Cooper has shown that, pursuant to TEX. CIV. PRAC. & REM. CODE §82.003, Jaime's cannot be liable to Plaintiffs, this case should be maintained in this court based on diversity jurisdiction.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Cooper Tire & Rubber Company prays that the above-described action now pending in the 197th Judicial District of Cameron County, Texas, be removed to this Court.

Respectfully Submitted,

**JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.**

By:______________________ w/permission

T. Christopher Trent
State Bar No.: 20209400
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

ATTORNEY-IN-CHARGE
FOR DEFENDANT,
COOPER TIRE & RUBBER COMPANY

OF COUNSEL:

**JOHNSON, SPALDING, DOYLE,
    WEST & TRENT, L.L.P.**
Raphael C. Taylor
State Bar No. 00788514
Catherine Herrington
State Bar No. 24003237
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

**GARCIA & VILLARREAL, LLP**
Jose E. Garcia
State Bar No. 07636780
Francisco R. Villarreal
State Bar No. 00789706
4311 N. McColl Rd.
McAllen, Texas 78504
(956) 630-0081 Telephone
(956) 630-3631 Facsimile

ATTORNEYS FOR DEFENDANT,
COOPER TIRE & RUBBER COMPANY

**CERTIFICATE OF CONFERENCE & CONSENT TO REMOVAL**

At the time of filing this Notice, Defendant contacted all counsel of record. Plaintiffs' counsel does not agree with the Removal to Federal Court.

Co-Defendants have agreed to Remove to Federal Court and their written consent is attached.

Francisco R. Villarreal

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

**EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA**

***PLAINTIFFS,*** § **CASE NO. ____________________**

**V.**

**COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE**

***DEFENDANTS.***

**CONSENT TO REMOVAL**

Please take notice that I, Deron L. Wade of Hartline, Dacus, Barger, Dreyer & Kern, L.L.P., counsel for Defendant General Motors Corporation, consent to the removal of the above-styled and numbered cause to the United States District Court, Southern District of Texas, Brownsville Division.

**HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.**

By: ____________________

Deron L. Wade
State Bar No. 24008220
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

**ATTORNEYS FOR DEFENDANT, GENERAL MOTORS COMPANY**

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** | § | |
| ***PLAINTIFFS,*** | § | **CASE NO. ____________** |
| **V.** | § | |
| **COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE** | § | |
| ***DEFENDANTS.*** | § | |

**CONSENT TO REMOVAL**

Please take notice that I, Jaime Perez, owner of Jaime's Tire Store, consent to the removal of the above-styled and numbered cause to the United States District Court, Southern District of Texas, Brownsville Division. Jamie's Tire Store has not yet retained counsel and has not filed its answer in this cause.

Jaime Perez

SUBSCRIBED AND SWORN TO BEFORE ME by the said JAIME PEREZ on this 25th day of February, 2004, to certify which witness my hand and seal of office.

Notary Public
In and for the State of Texas

NOTARY PUBLIC
STATE OF TEXAS
ERIC BARRON
Notary Public, State of Texas
My Commission Expires
May 30, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 25th day of February 2004.

Gil P. Peralez
The Peralez Law Firm LLP
4900 North Tenth Street, Ste. C3
McAllen, Texas 78504

Mark Blackburn
Blake C. Erksine, Jr.
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730

Chris Franz
Franz Law Firm
4900 N. 10th Street, Suite C-3
McAllen, Texas 78504

James P. Grissom
517 W. Nolana, #3
McAllen, Texas 78504

Deron L. Wade
Hartline, Dacus, Barger, Dreyer & Kern, L.L.P
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

Francisco R. Villarreal

# EXHIBIT "A"

ORIGINAL

CERTIFIED COPY

Citation for Personal Service - BY CERTIFIED MAIL Lit. Seq. # 5.005.01

No. 2003-06-003352-C

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: COOPER TIRE & RUBBER COMPANY
BY SERVING ITS REGISTERED
AGENT: CT CORPORATION SYSTEM
350 N. PAUL STREET
DALLAS, TEXAS 75201

the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

EDNA S FLORES IND. & a/n/f OF AILANY J. CHARLES MINOR CHILD & ON BEHALF OF THE ESTATE OF JESUS H.C. ESPINOZA, DECEASED & ELMA ESPINOZA'S 1ST AMENDED ORIGINAL PETITION
at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said AMENDED PETITION was filed on DECEMBER 23, 2003. A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003352-C.

The style of the case is:

EDNA SARAI FLORES, ET AL
VS.
COOPER TIRE & RUBBER COMPANY, ET AL

Said petition was filed in said court by MARK B. BLACKBURN (Attorney for PLAINTIFF), whose address is 6601 VAUGHT RANCH ROAD,STE.201 AUSTIN, TEXAS 78730.

CERTIFIED COPY

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER TITLE

ADDRESS

CITY STATE ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 21st of JANUARY 2004, I mailed to

COOPER TIRE & RUBBER COMPANY

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. 9580 9940
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA, District Clerk
Cameron County, Texas

By: [signature], Deputy

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

9580 9940

Postage $

2003-06-3352-C
CITATION

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
FEB 24 2004
DISTRICT COURT
CAMERON

CERTIFIED COPY ORIGINAL

Citation for Personal Service - BY CERTIFIED MAIL Lit. Seq. # 5.006.01

No. 2003-06-003352-C

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GENERAL MOTORS CORPORATION
BY SERVING ITS REGISTERED
AGENT: CT CORPORATION SYSTEM
350 N. PAUL STREET
DALLAS, TEXAS 75201

the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

PLTF ADONAI HERNANDEZ DE LA GARZA'S FIRST AMENDED ORIGINAL PETITION & PLTF ADONAI HDZ DE AL GARZA'S REQUEST FOR DISCLOSURE TO DEFT GENERAL MOTORS CORP.

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said PLEADINGS was filed on DECEMBER 23, 2003. A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003352-C.

The style of the case is:

EDNA SARAI FLORES, ET AL
VS.
COOPER TIRE & RUBBER COMPANY, ET AL

Said petition was filed in said court by MARK B. BLACKBURN (Attorney for PLAINTIFF), whose address is 6601 VAUGHT RANCH ROAD,STE.201 AUSTIN, TEXAS 78730.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of JANUARY, A.D. 2004.

DISTRICT COURT

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

CERTIFIED COPY

ORIGINAL

Citation for Personal Service - BY CERTIFIED MAIL Lit. Seq. # 5.008.01

No. 2003-06-003352-C

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JAIME'S TIRE STORE
BY SERVING ITS d/b/a AGENT
SYLVIA G. PEREZ
1615 SOUTH INDIANA
BROWNSVILLE, TEXAS 78520

the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the

EDNA S. FLORES Ind & N/F/A OF AILANY J. CHARLES, MINOR CHILD & ON BEHALF OF THE ESTATE OF JESUS H.C. ESPINOZA, DECEASED & ELMA ESPINOZA'S 1ST AMENDED ORIGINAL PETITION
at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said AMENDED PETITION was filed on DECEMBER 23, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003352-C.

The style of the case is:

EDNA SARAI FLORES, ET AL
VS.
COOPER TIRE & RUBBER COMPANY, ET AL

Said petition was filed in said court by MARK B. BLACKBURN (Attorney for PLAINTIFF), whose address is 6601 VAUGHT RANCH ROAD, STE.201 AUSTIN, TEXAS 78730.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of JANUARY, A.D. 2004.

DISTRICT COURT ... CAMERON ... TEXAS

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By [signature] Deputy

CERTIFIED COPY

ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER TITLE

ADDRESS

CITY STATE ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 21st of JANUARY 2004, I mailed to JAIME'S TIRE STORE by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. 9580 9957
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA, District Clerk
Cameron County, Texas

By: [signature], Deputy

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY
DEPUTY
DISTRICT COURT
CAMERON COUNTY, TEXAS

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

2003-06-3352-C
CITATION
01/21/2004
Postmark Here

7002 2410 0000 9580 9957

Sent To JAIME TIRE STORE BY SERVING ITS
Street, Apt. No.; or PO Box No. DBA AGENT SYLVIA G PEREZ
1615 SOUTH INDIANA
City, State, ZIP+4 BROWNSVILLE TX 78520

PS Form 3800, June 2002 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

# EXHIBIT "B"

CERTIFIED COPY

**CASE NO. 2003-063352-C**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** | § | **IN THE DISTRICT COURT OF** |
| ***PLAINTIFFS*,** | § | |
| **V.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE** | § | |
| ***DEFENDANTS*.** | § | **197TH JUDICIAL DISTRICT** |

FILED 11:50 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
FEB 17 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**DEFENDANT COOPER TIRE & RUBBER COMPANY'S MOTION TO TRANSFER VENUE, MOTION TO DISMISS FOR *FORUM NON-CONVENIENS*, AND ORIGINAL ANSWER AND SPECIAL EXCEPTIONS TO PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Cooper Tire & Rubber Company (hereinafter referred to as "Cooper Tire" or "Defendant"), a named Defendant in the above-entitled and numbered cause, and files this Motion to Transfer Venue, Motion to Dismiss for *Forum Non Conveniens*, and Original Answer and Special Exceptions to Plaintiffs' (Edna Sarai Flores, Individually and as next friend of Ailany Jissel Charles, a minor and on behalf of the Estate of Jesus Homero Charles Espinoza, deceased, Elma Espinoza and Adonai Hernandez De La Garza) First Amended Original Petition, and in support thereof would show unto the Court as follows:

## I. MOTION TO TRANSFER VENUE

1. Defendant Cooper Tire objects to venue in Cameron County, the county in which this action was instituted, on the ground that there is no evidence establishing that this is a proper

CERTIFIED COPY

county, and no basis exists mandating or permitting venue in Cameron County. Cooper Tire is a Delaware corporation, whose principal place of business is in Findlay, Ohio. Cooper's registered agent for service in the State of Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Neither Cooper Tire nor any of its agents or representatives for venue purposes were, at the time of the accrual of this cause of action, at the time of the filing of Plaintiffs' First Amended Original Petition, or at the time of service of process thereon, residents of Cameron County, Texas. Further, Cooper's principal office is not located in Cameron County, Texas.

2.      General Motors Corporation is a Delaware Corporation with its principal place of business in Detroit, Michigan. General Motors was served on January 26, 2004 by serving its registered agent for service in the State of Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3.      Jaime's Tire Store is authorized to conduct business in the State of Texas and was served with process by serving its d/b/a agent, Sylvia G. Perez, at 1615 South Indiana, Brownsville, Texas 78520 on February 3, 2004. However, Plaintiffs have not plead and cannot maintain a cause of action against Jaime's Tire Store, and thus Jaime's is fraudulently joined. Assuming that Jaime's sold the alleged tire to Plaintiffs, Plaintiffs have not plead and/or stated any factual allegations that raise a genuine issue of material fact against Jaime's, a non-manufacturing seller. TEX. CIV. PRAC. & REM. CODE §82.003.

4.      On or about December 23, 2003, Plaintiffs filed suit against Cooper Tire, and others, alleging causes of action based upon negligence, failure to warn, breach of implied warranty, breach of express warranty, strict liability and gross negligence. In their First Amended Petition, Plaintiffs allege that they were involved in an accident occurring on or about February 23, 2003. Plaintiffs allege that the accident occurred in Mexico. Defendant Cooper Tire specifically denies Plaintiffs' venue allegations that Cameron County is the county in which all or a substantial part of the events

CERTIFIED COPY

were allegedly injured in Mexico. Because the accident and alleged damages occurred in Mexico and Plaintiffs have no viable cause of action against Jaime's Tire Store, Defendant Cooper Tire demands strict proof of all venue facts required by TEX. R. CIV. P. 87(3)(a).

5. The general venue rule, as set out in the Texas Civil Practice and Remedies Code § 15.002, states as follows:

> a. Except as otherwise provided by this sub-chapter, or sub-chapter (b) or (c), all lawsuits shall be brought:
>
> 1. In the county in which all, or a substantial part of the events or omissions giving rise to the claim occurred; **(Not Cameron County)**
> 2. In the county of Defendant's residence at the time the cause of action accrued, if Defendant is a natural person; **(Not Cameron County)**
> 3. In the county of the Defendant's principal office in this State, if the Defendant is not a natural person; or **(Not Cameron County excluding Jaime's Tire Store fraudulently joined)**
> 4. If sub-divisions (1), (2) and (3) do not apply, in the county in which the Plaintiffs resided at the time of the accrual of the cause of action. **(Mexico)**

6. Under this general venue rule, venue is proper in the county in which all, or a substantial part of the events or omissions giving rise to this claim occurred. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). According to Plaintiffs' own First Amended Petition, the location of this accident was outside of the State of Texas, in Mexico. Moreover, Plaintiffs' alleged damages occurred in Mexico.

7. Defendant requests that this action be transferred to Dallas County, where Cooper's and General Motor's agents for service of process are located.

## II.
## MOTION TO DISMISS FOR *FORUM NON CONVENIENS* SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE

8. Defendant Cooper Tire files this Motion to Dismiss for *Forum Non Conveniens* subject to its Motion to Transfer Venue pursuant to TEX. CIV. PRAC. & REM. CODE §71.051(a) and

CERTIFIED COPY

would respectfully show the Court that the accident made the basis of this lawsuit occurred in Mexico; the Plaintiffs' alleged injuries occurred in Mexico; and the majority of fact and expert witnesses are in Mexico. Accordingly, in the interest of justice, this cause of action would be more properly heard in Mexico. Cooper Tire prays that the Court decline to exercise jurisdiction under the doctrine of *forum non conveniens* and dismiss the claims of Plaintiffs on any conditions allowed under TEX. CIV. PRAC. & REM. CODE § 71.051. [1]

## III.
## GENERAL DENIAL SUBJECT TO DEFENDANT'S MOTION TO TRANSFER VENUE AND MOTION TO DISMISS FOR *FORUM NON CONVENIENS*

9. Cooper Tire asserts a general denial as is authorized by Texas Rule of Civil Procedure 92, and Cooper Tire respectfully requests that Plaintiffs be required to prove the charges and allegations against this Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## IV.
## OTHER DEFENSES

10. For further answer, Cooper Tire affirmatively avers that the occurrence, injuries and damages made the basis of this suit were proximately caused and produced in whole or in part by the acts and/or omissions and/or negligence of Plaintiffs and/or third parties over whom Cooper Tire had no control nor right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of the alleged injuries and/or damages to the Plaintiffs.

11. Pleading further, alternatively, Plaintiffs' claims are barred and/or preempted, in whole or in part, by the federal legislation and regulations governing tires, including the Motor Vehicle Safety Act and the regulations promulgated by the National Highway Traffic Safety Administration.

---

[1] Cooper Tire will submit its Brief in support of its Motion to Dismiss for *Forum Non Conveniens* at a later date.

CERTIFIED COPY

12.     Cooper Tire would further answer that the subject tire was reasonably fit, suitable and safe for its intended purpose.

13.     Cooper Tire asserts the provisions of Section 82.005 of the Texas Civil Practice and Remedies Code as it relates and/or is applicable to Plaintiffs' design defect allegations against Cooper Tire, if any.

14.     Pleading further, alternatively, Plaintiffs' claims for punitive damages should be barred if it is found that the subject tire complied with any applicable sections of the Federal Motor Vehicle Safety Standard, including Section 109.  *See* TEX. CIV. PRAC. & REM. CODE § 82.008.

15.     For further answer, Cooper Tire denies Plaintiffs' allegations of malice and hereby objects to the claims made against it for an award of punitive damages and would show that any such award of punitive damages would be a denial of Cooper Tire's constitutional rights pursuant to the Texas and United States Constitutions for reasons including, but not limited to, the following:

(A)     Cooper Tire would show that the standard for an award of punitive damages is unconstitutionally vague.  It allows virtually standardless discretion to the jury to determine punishment.  It further deprives Cooper Tire of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, Cooper Tire would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Texas and United States Constitutions.

(B)     Cooper Tire would show that any award of punitive or exemplary damages would violate Cooper Tire's rights to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty.  However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Cooper Tire is given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Cooper Tire would violate its due process rights pursuant to the Texas and United States Constitutions.

(C)     Cooper Tire would show that the civil justice system is intended

CERTIFIED COPY

only to allow a claimant to be made whole and not intended to impose punishment. Cooper Tire would show that any award of damages in excess of Plaintiffs' actual damages would violate its rights to due process of law, equal protection of the law and would constitute an unconstitutional excessive fine as forbidden by the Texas and United States Constitutions.

(D) Cooper Tire would show that the admission of any evidence concerning the size or wealth of Cooper Tire will create an undue risk of am improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages and the measure of punitive damages. As such, the admission of any such evidence violates Cooper Tire's rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

(E) Cooper Tire is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Cooper Tire receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

(F) Cooper Tire would show that the assessment and award of punitive and/or exemplary damages is in violation of the Eighth Amendment of the U. S. Constitution as it applies to the Fourteenth Amendment of the U. S. Constitution and Article 1, Section 13 of the Texas Constitution in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

16. Accordingly, Cooper Tire invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully request that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of the Defendant's United States constitutional rights. *See Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *citing BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). The Fourteenth Amendment's Due Process Clause imposes substantive limits on the State's discretion to in imposing punitive damages, making the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment applicable to the States, *Furman v. Georgia*, 408 U.S. 238, and prohibiting states from imposing grossly excessive punishments on tortfeasors. *Gore*, 517 U.S. at 562; *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993).

CERTIFIED COPY

17. Cooper Tire would further invoke its right under the Fifth Amendment to the United States Constitution wherein it reads in part, "no person shall be . . . deprived of . . . property, without due process of law; . . ." for the same reasons enumerated above.

18. For further answer, and in the alternative, Cooper Tire asserts its right to demand proof of punitive and/or exemplary damages by clear and convincing evidence of each element of such damages, as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

19. Cooper Tire further invokes, in the alternative, its right to limitation on the amount of punitive and/or exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

20. For further answer, Cooper Tire invokes its legal right to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by Plaintiffs or other persons or entities, or by percentage reductions to which Defendant would be entitled as a result of jury findings against Plaintiffs or persons other than Cooper Tire. In this connection, Cooper Tire reserves the right to submit issues against parties, including but not limited to Plaintiffs, who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

21. Cooper Tire reserves the right to amend this answer as permitted by the Texas Rules of Civil Procedure.

## V.
## SPECIAL EXCEPTIONS

22. In paragraph 6.4, Plaintiffs' First Amended Original Petition alleges "damages sought are within the jurisdictional limits of this court." Pursuant to Texas Rule of Civil Procedure 47, Cooper Tire asks the Court to require Plaintiffs to plead the maximum amount of damages sought.

23. Moreover, Defendant Cooper Tire, pursuant to Texas Rule of Civil Procedure 90,

CERTIFIED COPY

further specially excepts to, and brings to the attention of the Court, Paragraph 5.37-5.39 of Plaintiffs' First Amended Petition in that it alleges, as part of his cause of action against Defendant Cooper Tire, a manufacturing defect and a design defect without adequately predicating these claims on the existence of a safer alternative design for the alleged product. Absent a safer alternative design, such design and manufacturing claims fail as a matter of law. *See American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997). Although the Petition appears to be attempting to assert a cause of action for products liability, the pleading fails to state a legally cognizable cause of action for the reason that it does not allege a safer alternative design for the alleged tire in question. Defendant Cooper Tire therefore requests that the Court sustain this special exception and order that Plaintiffs, within thirty days, amend their Petition to state a legally cognizable cause of action and, providing that, if the Plaintiffs fail or refuse to so amend, the action will be dismissed.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Cooper Tire & Rubber Company prays that Plaintiffs' claims for relief against it be in all things denied; that Plaintiffs take nothing by this lawsuit; that final judgment be entered in favor of Cooper Tire; that Cooper Tire recover from Plaintiffs costs and reasonable attorneys' fees; and that Cooper Tire have such other and further relief to which it may be justly entitled.

**CERTIFIED COPY**

Respectfully submitted,

**JOHNSON, SPALDING, DOYLE, WEST & TRENT, L.L.P.**

By: [signature]

T. Christopher Trent
State Bar No. 20209400
Raphael C. Taylor
State Bar No. 00788514
Catherine H. Herrington
State Bar No. 24003237
910 Travis, Suite 1700
Houston, Texas 77002
Telephone: (713) 222-2323
Facsimile: (713) 222-2226

Jose E. Garcia
State Bar No. 07636780
Francisco R. Villarreal
State Bar No. 00789706
GARCIA & VILLARREAL, L.L.P.
4311 N. McColl
McAllen, Texas 78504
Telephone: (956) 630-0081
Facsimile: (956) 630-3631

**ATTORNEYS FOR DEFENDANT, COOPER TIRE & RUBBER COMPANY**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 25 2004
BY ______ DEPUTY
DISTRICT COURT ★ CAMERON COUNTY, TEXAS ★

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 13th day of February 2004.

Gil P. Peralez
The Peralez Law Firm LLP
4900 North Tenth Street, Ste. C3
McAllen, Texas 78504

Chris Franz
Franz Law Firm
4900 N. 10th Street, Suite C-3
McAllen, Texas 78504

Mark Blackburn
Blake C. Erksine, Jr.
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730

James P. Grissom
517 W. Nolana, #3
McAllen, Texas 78504

[signature]
Catherine H. Herrington

**CERTIFIED COPY**

**NO. 2003-06-3352-C**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFFS** | § | |
| **vs.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE** | § | |
| **DEFENDANTS** | § | **197th JUDICIAL DISTRICT** |

**PLAINTIFFS EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, AND ELMA ESPINOZA'S FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, AND ELMA ESPINOZA ("Plaintiffs") and file this action against COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION and JAIME'S TIRE STORE ("Defendants"), and allege:

**1.0 DISCOVERY CONTROL PLAN**

1.1 Discovery in this case should be conducted under Level 3 of Rule 190, *Texas Rules of Civil Procedure.*

SCANNED
JAN 2 3 2004

CERTIFIED COPY

**2.0 PARTIES**

**2.1** Plaintiff EDNA SARAI FLORES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, AILANY JISSEL CHARLES is a resident of Mission, Hidalgo County, Texas. Plaintiff Edna Sarai Flores is the surviving wife of Jesus Homero Charles Espinoza, Deceased. Ailany Jissel Charles is the surviving child of Jesus Homero Charles Espinoza, Deceased.

**2.2** Plaintiff, ELMA ESPINOZA is a resident of Reynosa Tamaulipas, Mexico. Ms. Espinoza is a surviving parent of Jesus Homero Charles Espinoza, Deceased.

**2.3** Defendant, Cooper Tire & Rubber Company ("Cooper") is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

**2.4** Defendant, General Motors Corporation ("GM"), is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

**2.5** Defendant, Jaime's Tire Store ("Jaime's"), is doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its d/b/a agent, Sylvia G. Perez, at 1615 South Indiana, Brownsville, TX 78520.

**3.0. JURISDICTION AND VENUE**

**3.1** This Court has jurisdiction over the subject matter of this action and its parties. Venue is proper in Cameron County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because it is the county in which Defendant Jaime's Tire Store's principal office is located.

**4.0 FACTS**

**4.1** On or about February 23, 2003, Jesus Homero Charles Espinoza (hereinafter "Espinoza") was operating a green 1997 Chevrolet Silverado Blazer, VIN: 3GCEC28K5VG103965 (hereinafter "Espinoza vehicle"), with passengers, Adonai Hernandez De La Garza (hereinafter "Garza") and Jesus Camacho Flores (hereinafter "Flores") traveling eastbound on Highway 2 toward Matamoros, Mexico.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

On information and belief, the drivers side/left rear tire on the Espinoza vehicle, identified as Cooper Cobra Radial GT Tire No. 107T P27560R15 ("the Cooper tire") failed, and the vehicle in question rolled over.

**4.2** Upon information and belief, two occupants were ejected and one occupant's seat belt had to be cut to remove him from the vehicle. Tragically, Espinoza died as a result of the accident. Passenger Adonai Hernandez De La Garza sustained severe and permanent brain damage and passenger Jesus Camacho Flores sustained severe and permanent injuries to his legs.

**4.3** The injuries sustained by Plaintiff Jesus Homero Charles Espinoza were the direct result of defect in the design, manufacture and marketing of the Espinoza vehicle and the Cooper tire.

**5.0 CAUSES OF ACTION**

**Count I – Negligence with regard to Defendant GM**

**5.1** GM owes a duty to the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, to design, manufacture, assemble and distribute vehicles that are safe for ordinary and foreseeable use by consumers.

**5.2** GM negligently and carelessly designed, manufactured, assembled and distributed a vehicle that incorporated defective and unreasonably dangerous weight distribution and seat belt system. The vehicle was defective in that the distribution of weight was inadequate and uneven and the seat belt system was defective in that the belt was inadequate and, upon impact, it failed, allowing ejection of Plaintiff and passenger Adonai Hernandez De La Garza. The negligent design of the vehicle proximately caused the vehicle to become uncontrollable following the tire failure and proximately caused the vehicle to rollover ejecting and injuring the Plaintiff and passenger. As designed, GM's Chevrolet Silverado Blazer was susceptible to rollover and its seat belt system was susceptible to failure to properly restrain in the foreseeable event of a tire failure.

**5.3** GM negligently failed to use ordinary care to protect the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the vehicle.

SCANNED
JAN 2 3 2004

CERTIFIED COPY

**5.4** GM negligently failed to warn or give adequate notice of the foreseeable tendency of the Chevrolet Silverado Blazer to rollover and its seat belt system to fail, thereby causing the occupants to be severely injured.

**5.5** GM knew or should have known that the vehicle may be involved in collisions and that such collisions could cause the Chevrolet Silverado Blazer to rollover and its seat belt system to fail and result in occupant injury.

**5.6** As a direct and proximate result of GM' negligence, two occupants were ejected, and Espinoza died as a result of the accident. Plaintiff and passenger Adonai Hernandez De La Garza sustained severe and permanent brain damage.

**Count II – Negligence with regard to Defendants Cooper and Jaime's**

**5.7** Cooper and Jaime's owe a duty to the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, to design, manufacture, assemble, market and distribute tires that are safe for ordinary and foreseeable use by consumers.

**5.8** Cooper and Jaime's negligently and carelessly designed, manufactured, assembled, marketed and distributed the defective and unreasonably dangerous tires. The tires were defective in that the treads separated from the tire without warning and, upon separation, the tire failed and caused the vehicle to rollover injuring Plaintiff and passenger Adonai Hernandez De La Garza. As designed, Cooper's Cobra Radial GT Tire No. 107T P27560R15, DOT # UTR7 C28 1800, was susceptible to separation and is defective, unreasonably dangerous and was a producing cause of Plaintiff's vehicular rollover.

**5.9** Cooper and Jaime's negligently failed to use ordinary care to protect the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the tire.

**5.10** Cooper and Jaime's negligently failed to warn or give adequate notice of the foreseeable tendency of the treads to separate from the Cooper tire in question, thereby causing the occupants to be severely injured following a tread separation.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**5.11** Cooper and Jaime's knew or should have known that the tires would be used for their intended purpose and during the course of their use, the treads would become compromised and could be the producing cause of a vehicular accident, resulting in occupant injury.

**5.12** As a direct and proximate result of Cooper and Jaime's' negligence, Espinoza lost control of his vehicle, was ejected and died as a result of the accident. Plaintiff and passenger Adonai Hernandez De La Garza was ejected and sustained severe and permanent brain damage.

**Count III – Failure to Warn with regard to Defendant GM**

**5.13** Plaintiff Espinoza was the owner and foreseeable user of the vehicle, and GM had a duty to adequately warn Plaintiff of the tendency of the Chevrolet Silverado Blazer's to roll and its seat belt system to fail thereby causing injury to the vehicle occupants.

**5.14** The hazards inherent in the vehicle's propensity to roll and its seat belt system's propensity to tear and separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Plaintiff.

**5.15** GM had knowledge of the latent defects in the vehicle's propensity to roll and seat belt system to fail that rendered the vehicle unsafe and unreasonably dangerous.

**5.16** It was reasonably foreseeable to GM that Plaintiff may be injured or killed as a result of the Chevrolet Silverado Blazer's propensity to roll and its seat belt system to fail while using the vehicle in the manner for which it was designed.

**5.17** GM's failure to warn Plaintiff of the latent defect in the vehicle was a direct and proximate cause of Plaintiff and passenger Adonai Hernandez De La Garza's injuries.

**Count IV – Failure to Warn with regard to Defendants Cooper and Jaime's**

**5.18** Plaintiff Espinoza was the owner and foreseeable user of the Cooper tires and Cooper and Jaime's had a duty to adequately warn Plaintiff of the tire tread's propensity to separate thereby causing injury to the vehicle occupants.

SCANNED
JAN 2 3 2004

CERTIFIED COPY

**5.19** The hazards inherent in the tire treads to separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Plaintiff and passenger Adonai Hernandez De La Garza.

**5.20** Cooper and Jaime's had knowledge of the latent defects in the tire tread's propensity to separate rendered the vehicle unsafe and unreasonably dangerous.

**5.21** It was reasonably foreseeable to Cooper and Jaime's that Plaintiff and passenger Adonai Hernandez De La Garza may be injured or killed as a result of the tire tread's propensity to separate while using the tires in the manner for which it they were designed.

**5.22** Cooper and Jaime's failure to warn and Plaintiff and passenger Adonai Hernandez De La Garza of the latent defect in the tires were a direct and proximate cause of Plaintiffs' injuries.

**Count V – Breach of Implied Warranty**

**5.23** GM implied to members of the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, that the Espinoza vehicle were merchantable, safely designed, manufactured, sold, and intended to be used. Plaintiff and passenger Adonai Hernandez De La Garza, relied on those warranties in purchasing the subject vehicle.

**5.24** Cooper and Jaime's implied to members of the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, that the Cooper tires were merchantable, safely designed, manufactured, sold, and intended to be used. Plaintiff and passenger Adonai Hernandez De La Garza relied on those warranties in purchasing the subject tires.

**5.25** At all times relevant, Defendants GM, Cooper and Jaime's were merchants in the business of supplying goods. The green 1997 Chevrolet Silverado Blazer, designed, marketed and manufactured by GM, and the Cobra Radial GT Tire No. 107T P27560R15 designed, marketed and manufactured by Cooper and Jaime's were goods and/or products sold for consumer usage.

**5.26** Plaintiff and passenger Adonai Hernandez De La Garza were persons whom GM, Cooper and Jaime's reasonably expected to be users of the vehicle, and GM knew the purpose for which the 1997 Chevrolet Silverado Blazer was required and Cooper and Jaime's knew the purpose for which the Cobra

SCANNED
JAN 2 3 2004

CERTIFIED COPY

Radial GT Tire No. 107T P27560R15 was required. GM, Cooper and Jaime's also knew that the general public, including Plaintiff and passenger Adonai Hernandez De La Garza, relied on GM, Cooper and Jaime's skill and judgment to design and select suitable components and equipment for its vehicles.

**5.27** As such, GM, Cooper and Jaime's breached their implied warranties that the Espinoza vehicle and Espinoza tires were merchantable, safely designed, and fit for its particular purpose because in fact the Espinoza vehicle and tires were inherently dangerous and not fit for the purposes for which they were intended. The Espinoza vehicle instead incorporated a propensity to rollover, had a seat belt system that had a propensity to fail, and the Espinoza tires had a propensity to have treads that separated in the foreseeable event of a collision.

**5.28** As a direct and proximate result of the unfitness of the subject vehicle and tires, Plaintiff Espinoza suffered fatal injuries and passengers Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VI – Breach of Express Warranty**

**5.29** Plaintiffs and passenger Adonai Hernandez De La Garza will show that the injuries and damages sustained by Plaintiffs and passenger Adonai Hernandez De La Garza were caused by the breach of expressed warranties made by the GM, Cooper and Jaime's.

**5.30** GM, Cooper and Jaime's placed products into the stream of commerce that were a violation of each of their own express warranties.

**5.31** GM in placing the green 1997 Chevrolet Silverado Blazer, and Cooper and Jaime's, in placing the Cobra Radial GT Tire No. 107T P27560R15, into the stream of commerce, utilized advertising media and professional publications to promote the purchase and use of their products, and expressly warranted to members of the general public, including Plaintiffs and passenger Adonai Hernandez De La Garza, that their products were safe for their individual purposes.

**5.32** Plaintiffs relied upon the representations made by GM in the purchase of their vehicle and Cooper and Jaime's in the purchase of their tires.

SCANNED
JAN 2 3 2004

CERTIFIED COPY

**5.33** These breaches of warranty proximately caused the injuries and damages suffered by Plaintiff and passengers.

**Count VII – Strict Liability with regard to Defendant GM**

**5.34** At the time of GM's design and manufacture of the Espinoza vehicle and its distribution into the stream of commerce by GM, the Espinoza vehicle was in defective condition that rendered it unreasonably dangerous in that it had a propensity to cause the driver to lose control of the vehicle to rollover in the event of a tire failure, and be ejected due to a faulty seat belt system.

**5.35** Those defects rendered the Espinoza vehicle an unreasonably dangerous product to all foreseeable users for which GM is strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

**5.36** As a direct and proximate result of GM's defective design, manufacture and marketing of an unreasonably dangerous vehicle, Plaintiff Espinoza suffered fatal injuries and passengers Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VIII – Strict Liability with regard to Defendant Cooper**

**5.37** At the time of Cooper's design and manufacture of the Espinoza tires and its distribution into the stream of commerce by Cooper, the Espinoza tires were in defective condition that rendered them unreasonably dangerous in that the tire treads had a propensity to separate without warning.

**5.38** Those defects rendered the Espinoza tires an unreasonably dangerous product to all foreseeable users for which Cooper is are strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

**5.39** As a direct and proximate result of Cooper's defective design, manufacture and marketing of an unreasonably dangerous product, Plaintiff Espinoza suffered fatal injuries and passengers Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count IX – Gross Negligence with regard to Defendant GM**

**5.40** GM's action of designing and manufacturing the Espinoza vehicle with a propensity to rollover and eject its passengers in the event of a tire failure created an extreme degree of risk,

SCANNED

JAN 2 3 2004

CERTIFIED COPY

considering the probability and magnitude of potential harm to others amounting to malice. GM is grossly negligent in defectively designing, manufacturing and marketing the Espinoza vehicle, which amounted to an entire want of care and conscious disregard and indifference to the rights, welfare, and safety of Plaintiff and passengers, as well as the general public.

**Count X – Gross Negligence with regard to Defendants Cooper**

**5.41** Cooper's action of designing and manufacturing the Espinoza tires with a propensity for the treads to separate created an extreme degree of risk, considering the probability and magnitude of potential harm to others amounting to malice. Cooper is grossly negligent in defectively designing, manufacturing and marketing the Espinoza tires, which amounted to an entire want of care and conscious disregard and indifference to the rights, welfare, and safety of Plaintiff and passengers, as well as the general public.

**6.0 Damages**

**6.1** As a direct and proximate result of the above and foregoing, Plaintiffs seek damages as follows:

**6.2** Damages sought by the Estate of Jesus Homero Charles Espinoza by Plaintiff Sarai Flores.

a) Physical pain and suffering and mental anguish suffered by Jesus Homero Charles Espinoza prior to his death;

b) Physical pain and suffering and mental anguish suffered by Sarai Flores;

c) Funeral expenses;

d) Loss of earnings by Jesus Homero Charles Espinoza in the future; and

d) Exemplary damages.

**6.3** Damages sought by Plaintiffs Sarai Flores, Ailany Jissel Charles and Elma Espinoza:

a) Loss of consortium including the positive benefits flowing from the love, comfort, companionship, and society, that, in reasonable probability, Sarai Flores, Ailany Jissel

SCANNED
JAN 23 2004

CERTIFIED COPY

Charles and Elma Espinoza would have received from Jesus Homero Charles Espinoza had he lived in the past and future;

b) Mental anguish, emotional pain, torment, and suffering experienced by Sarai Flores, Ailany Jissel Charles and Elma Espinoza because of the death of Jesus Homero Charles Espinoza in the past and future; and

c) exemplary damages.

**6.4** The damages sought are within the jurisdictional limits of this court.

**7.0 Prayer**

**7.1** WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that after a jury trial herein, they have judgment against Defendant, as follows:

a) Judgment against Defendant for all of Plaintiffs' actual damages, both general and special, as described above;

b) Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003.

c) Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d) Costs of court as authorized by Tex. R. Civ. P. 131; and

e) Such other relief to which Plaintiffs may be entitled, both general and special.

Respectfully submitted,

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY ______ DEPUTY
DISTRICT COURT CAMERON COUNTY, TEXAS

By: ______
GIL P. PERALEZ
State Bar No. 00791426
The Peralez Law Firm, L.L.P.
4900 North Tenth St., Suite C-3
McAllen, Texas 78504
Telephone: (956) 682-3660
Facsimile: (956) 682-3848

AND

SCANNED
JAN 23 2004

**CERTIFIED COPY**

CHRIS FRANZ
State Bar No. 00792514
Franz Law Firm
4900 N. 10th St., Suite C-3
McAllen, Texas 78504
Telephone: (956) 682-3660
Facsimile: (956) 682-3848
franzlaw@rgv.rr.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

ATTORNEYS FOR PLAINTIFFS

SCANNED
JAN 2 3 2004

**CERTIFIED COPY**

**NO. 2003-06-3352-C**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFFS** | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE** | § | |
| **DEFENDANTS** | § | **197th JUDICIAL DISTRICT** |

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S FIRST AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ADONAI HERNANDEZ DE LA GARZA ("Plaintiff") and file this action against COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION and JAIME'S TIRE STORE ("Defendants"), and allege:

## 1.0 DISCOVERY CONTROL PLAN

**1.1** Discovery in this case should be conducted under Level 3 of Rule 190, *Texas Rules of Civil Procedure.*

## 2.0 PARTIES

**2.1** Plaintiff ADONAI HERNANDEZ DE LA GARZA is a resident of Reynosa, Tamaulipas, Mexico.

**2.2** Defendant, Cooper Tire & Rubber Company ("Cooper") is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

SCANNED
JAN 23 2004

CERTIFIED COPY

**2.3** Defendant, General Motors Corporation ("GM"), is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

**2.4** Defendant, Jaime's Tire Store ("Jaime's"), is doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its d/b/a agent, Sylvia G. Perez, at 1615 South Indiana, Brownsville, TX 78520.

**3.0. JURISDICTION AND VENUE**

**3.1** This Court has jurisdiction over the subject matter of this action and its parties. Venue is proper in Cameron County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because it is the county in which Defendant Jaime's Tire Store's principal office is located.

**4.0 FACTS**

**4.1** On or about February 23, 2003, Jesus Homero Charles Espinoza (hereinafter "Espinoza") was operating a green 1997 Chevrolet Silverado Blazer, VIN: 3GCEC28K5VG103965 (hereinafter "Espinoza vehicle"), with passengers, Adonai Hernandez De La Garza (hereinafter "Garza") and Jesus Camacho Flores (hereinafter "Flores") traveling eastbound on Highway 2 toward Matamoros, Mexico. On information and belief, the drivers side/left rear tire on the Espinoza vehicle, identified as Cooper Cobra Radial GT Tire No. 107T P27560R15 ("the Cooper tire") failed, and the vehicle in question rolled over.

**4.2** Upon information and belief, two occupants were ejected and one occupant's seat belt had to be cut to remove him from the vehicle. Tragically, Espinoza died as a result of the accident. Plaintiff and passenger Adonai Hernandez De La Garza sustained severe and permanent brain damage and passenger Jesus Camacho Flores sustained severe and permanent injuries to his legs.

**4.3** The injuries sustained by Plaintiff Adonai Hernandez De La Garza were the direct result of defect in the design, manufacture and marketing of the Espinoza vehicle and the Cooper tire.

SCANNED
JAN 23 2004

CERTIFIED COPY

## 5.0 CAUSES OF ACTION

**Count I – Negligence with regard to Defendant GM**

**5.1** GM owes a duty to the general public, including Plaintiff, to design, manufacture, assemble and distribute vehicles that are safe for ordinary and foreseeable use by consumers.

**5.2** GM negligently and carelessly designed, manufactured, assembled and distributed a vehicle that incorporated defective and unreasonably dangerous weight distribution and seat belt system. The vehicle was defective in that the distribution of weight was inadequate and uneven and the seat belt system was defective in that the belt was inadequate and, upon impact, it failed, allowing ejection of Plaintiff. The negligent design of the vehicle proximately caused the vehicle to become uncontrollable following the tire failure and proximately caused the vehicle to rollover ejecting and injuring the Plaintiff. As designed, GM's Chevrolet Silverado Blazer was susceptible to rollover and its seat belt system was susceptible to failure to properly restrain in the foreseeable event of a tire failure.

**5.3** GM negligently failed to use ordinary care to protect the general public, including Plaintiff, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the vehicle.

**5.4** GM negligently failed to warn or give adequate notice of the foreseeable tendency of the Chevrolet Silverado Blazer to rollover and its seat belt system to fail, thereby causing the occupants to be severely injured.

**5.5** GM knew or should have known that the vehicle may be involved in collisions and that such collisions could cause the Chevrolet Silverado Blazer to rollover and its seat belt system to fail and result in occupant injury.

**5.6** As a direct and proximate result of GM' negligence, two occupants were ejected, and Espinoza died as a result of the accident. Plaintiff and passenger Adonai Hernandez De La Garza sustained severe and permanent brain damage.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**Count II – Negligence with regard to Defendants Cooper and Jaime's**

**5.7** Cooper and Jaime's owe a duty to the general public, including Plaintiff, to design, manufacture, assemble, market and distribute tires that are safe for ordinary and foreseeable use by consumers.

**5.8** Cooper and Jaime's negligently and carelessly designed, manufactured, assembled, marketed and distributed the defective and unreasonably dangerous tires. The tires were defective in that the treads separated from the tire without warning and, upon separation, the tire failed and caused the vehicle to rollover injuring Plaintiff. As designed, Cooper's Cobra Radial GT Tire No. 107T P27560R15, DOT # UTR7 C28 1800, was susceptible to separation and is defective, unreasonably dangerous and was a producing cause of Plaintiff's vehicular rollover.

**5.9** Cooper and Jaime's negligently failed to use ordinary care to protect the general public, including Plaintiff, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the tire.

**5.10** Cooper and Jaime's negligently failed to warn or give adequate notice of the foreseeable tendency of the treads to separate from the Cooper tire in question, thereby causing the occupants to be severely injured following a tread separation.

**5.11** Cooper and Jaime's knew or should have known that the tires would be used for their intended purpose and during the course of their use, the treads would become compromised and could be the producing cause of a vehicular accident, resulting in occupant injury.

**5.12** As a direct and proximate result of Cooper and Jaime's' negligence, Espinoza lost control of his vehicle, was ejected and died as a result of the accident. Plaintiff and passenger Adonai Hernandez De La Garza was ejected and sustained severe and permanent brain damage.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**Count III – Failure to Warn with regard to Defendant GM**

**5.13** Espinoza was the owner and foreseeable user of the vehicle, and GM had a duty to adequately warn Plaintiff of the tendency of the Chevrolet Silverado Blazer's to roll and its seat belt system to fail thereby causing injury to the vehicle occupants.

**5.14** The hazards inherent in the vehicle's propensity to roll and its seat belt system's propensity to tear and separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Plaintiff.

**5.15** GM had knowledge of the latent defects in the vehicle's propensity to roll and seat belt system to fail that rendered the vehicle unsafe and unreasonably dangerous.

**5.16** It was reasonably foreseeable to GM that Plaintiff may be injured or killed as a result of the Chevrolet Silverado Blazer's propensity to roll and its seat belt system to fail while using the vehicle in the manner for which it was designed.

**5.17** GM's failure to warn Plaintiff of the latent defect in the vehicle was a direct and proximate cause of Plaintiff's injuries.

**Count IV – Failure to Warn with regard to Defendants Cooper and Jaime's**

**5.18** Espinoza was the owner and foreseeable user of the Cooper tires and Cooper and Jaime's had a duty to adequately warn him of the tire tread's propensity to separate thereby causing injury to the vehicle occupants.

**5.19** The hazards inherent in the tire treads to separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Espinoza.

**5.20** Cooper and Jaime's had knowledge of the latent defects in the tire tread's propensity to separate rendered the vehicle unsafe and unreasonably dangerous.

**5.21** It was reasonably foreseeable to Cooper and Jaime's that Espinoza may be injured or killed as a result of the tire tread's propensity to separate while using the tires in the manner for which it they were designed.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**5.22** Cooper and Jaime's failure to warn Espinoza of the latent defect in the tires were a direct and proximate cause of his injuries.

**Count V – Breach of Implied Warranty**

**5.23** GM implied to members of the general public, including Plaintiff, that the Espinoza vehicle were merchantable, safely designed, manufactured, sold, and intended to be used. Espinoza relied on those warranties in purchasing the subject vehicle.

**5.24** Cooper and Jaime's implied to members of the general public, including Plaintiff, that the Cooper tires were merchantable, safely designed, manufactured, sold, and intended to be used. Espinoza and Plaintiff relied on those warranties in purchasing the subject tires.

**5.25** At all times relevant, Defendants GM, Cooper and Jaime's were merchants in the business of supplying goods. The green 1997 Chevrolet Silverado Blazer, designed, marketed and manufactured by GM, and the Cobra Radial GT Tire No. 107T P27560R15 designed, marketed and manufactured by Cooper and Jaime's were goods and/or products sold for consumer usage.

**5.26** Espinoza and Plaintiff were persons whom GM, Cooper and Jaime's reasonably expected to be users of the vehicle, and GM knew the purpose for which the 1997 Chevrolet Silverado Blazer was required and Cooper and Jaime's knew the purpose for which the Cobra Radial GT Tire No. 107T P27560R15 was required. GM, Cooper and Jaime's also knew that the general public, including Espinoza and Plaintiff, relied on GM, Cooper and Jaime's skill and judgment to design and select suitable components and equipment for its vehicles.

**5.27** As such, GM, Cooper and Jaime's breached their implied warranties that the Espinoza vehicle and Espinoza tires were merchantable, safely designed, and fit for its particular purpose because in fact the Espinoza vehicle and tires were inherently dangerous and not fit for the purposes for which they were intended. The Espinoza vehicle instead incorporated a propensity to rollover, had a seat belt system that had a propensity to fail, and the Espinoza tires had a propensity to have treads that separated in the foreseeable event of a collision.

SCANNED
JAN 2 3 2004

CERTIFIED COPY

**5.28** As a direct and proximate result of the unfitness of the subject vehicle and tires, Espinoza suffered fatal injuries and Plaintiff Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VI – Breach of Express Warranty**

**5.29** Plaintiff will show that the injuries and damages sustained by Plaintiff were caused by the breach of expressed warranties made by the GM, Cooper and Jaime's.

**5.30** GM, Cooper and Jaime's placed products into the stream of commerce that were a violation of each of their own express warranties.

**5.31** GM in placing the green 1997 Chevrolet Silverado Blazer, and Cooper and Jaime's, in placing the Cobra Radial GT Tire No. 107T P27560R15, into the stream of commerce, utilized advertising media and professional publications to promote the purchase and use of their products, and expressly warranted to members of the general public, including Espinoza and Plaintiff, that their products were safe for their individual purposes.

**5.32** Espinoza and Plaintiff relied upon the representations made by GM in the purchase of their vehicle and Cooper and Jaime's in the purchase of their tires.

**5.33** These breaches of warranty proximately caused the injuries and damages suffered by Espinoza and Plaintiff.

**Count VII – Strict Liability with regard to Defendant GM**

**5.34** At the time of GM's design and manufacture of the Espinoza vehicle and its distribution into the stream of commerce by GM, the Espinoza vehicle was in defective condition that rendered it unreasonably dangerous in that it had a propensity to cause the driver to lose control of the vehicle to rollover in the event of a tire failure, and be ejected due to a faulty seat belt system.

**5.35** Those defects rendered the Espinoza vehicle an unreasonably dangerous product to all foreseeable users for which GM is strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**5.36** As a direct and proximate result of GM's defective design, manufacture and marketing of an unreasonably dangerous vehicle, Espinoza suffered fatal injuries and Plaintiff Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VIII – Strict Liability with regard to Defendant Cooper**

**5.37** At the time of Cooper's design and manufacture of the Espinoza tires and its distribution into the stream of commerce by Cooper, the Espinoza tires were in defective condition that rendered them unreasonably dangerous in that the tire treads had a propensity to separate without warning.

**5.38** Those defects rendered the Espinoza tires an unreasonably dangerous product to all foreseeable users for which Cooper is are strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

**5.39** As a direct and proximate result of Cooper's defective design, manufacture and marketing of an unreasonably dangerous product, Espinoza suffered fatal injuries and Plaintiff Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count IX – Gross Negligence with regard to Defendant GM**

**5.40** GM's action of designing and manufacturing the Espinoza vehicle with a propensity to rollover and eject its passengers in the event of a tire failure created an extreme degree of risk, considering the probability and magnitude of potential harm to others amounting to malice. GM is grossly negligent in defectively designing, manufacturing and marketing the Espinoza vehicle, which amounted to an entire want of care and conscious disregard and indifference to the rights, welfare, and safety of Espinoza and Plaintiff, as well as the general public.

**Count X – Gross Negligence with regard to Defendants Cooper**

**5.41** Cooper's action of designing and manufacturing the Espinoza tires with a propensity for the treads to separate created an extreme degree of risk, considering the probability and magnitude of potential harm to others amounting to malice. Cooper is grossly negligent in defectively designing, manufacturing and marketing the Espinoza tires, which amounted to an entire want of care and conscious

SCANNED
JAN 2 3 2004

CERTIFIED COPY

disregard and indifference to the rights, welfare, and safety of Espinosa and Plaintiff, as well as the general public.

**6.0 Damages**

**6.1** As a direct and proximate result of the above and foregoing, Plaintiff seeks damages as follows:

**6.2** Damages sought by Plaintiff Adonai Hernandez De La Garza:

a) Physical pain and mental anguish in the past;

b) Physical pain and mental anguish that, in reasonable probability, they will suffer in the future;

c) Physical impairment in the past;

d) Physical impairment that, in reasonable probability, they will suffer in the future;

e) Medical expenses in the past;

f) Medical expenses that, in reasonable probability, they will incur in the future;

g) Loss of earnings in the past; and

**6.3** The damages sought are within the jurisdictional limits of this court.

**7.0 Prayer**

**7.1** WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that after a jury trial herein, they have judgment against Defendant, as follows:

a) Judgment against Defendant for all of Plaintiff's actual damages, both general and special, as described above;

b) Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003.

c) Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d) Costs of court as authorized by Tex. R. Civ. P. 131; and

e) Such other relief to which Plaintiff may be entitled, both general and special.

SCANNED

JAN 23 2004

**CERTIFIED COPY**

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**

By: ______________________
MARK B. BLACKBURN
State Bar No. 02388990
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
E-Mail: Mblackburn @Erskine-Blackburn.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

**ATTORNEYS FOR PLAINTIFF**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY
DEPUTY
DISTRICT COURT
CAMERON COUNTY, TEXAS

SCANNED

JAN 23 2004

**CERTIFIED COPY**

NO. 2003-06-3352-C

| | | |
|---|---|---|
| EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA, PLAINTIFFS | § | IN THE DISTRICT COURT |
| vs. | § | CAMERON COUNTY, TEXAS |
| COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE, DEFENDANTS | § | 197th JUDICIAL DISTRICT |

FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA, CLERK
DEC 23 2003
DISTRICT COURT OF C. C.
Gloria Medrano

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, COOPER TIRE & RUBBER COMPANY**

TO: Defendant, Cooper Tire & Rubber Company.

You are hereby served with Request for Disclosure pursuant to TEX. R. CIV. P. 194. You are to serve your responses upon Plaintiffs within fifty (50) days after you receive these discovery requests at the following law office:

**MARK B. BLACKBURN**
**ERSKINE & BLACKBURN, L.L.P.**
**6601 VAUGHT RANCH ROAD, SUITE 201**
**AUSTIN, TEXAS 78730**
**(512) 684-8900 - Telephone**
**(512) 684-8920 - Facsimile**
**mblackburn@erskine-blackburn.com**

SCANNED
JAN 23 2004

CERTIFIED COPY

Respectfully submitted,

By: ______________________
MARK B. BLACKBURN
State Bar No. 02388990
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
E-Mail: Mblackburn @Erskine-Blackburn.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

**ATTORNEYS FOR PLAINTIFF**

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY
DEPUTY
DISTRICT COURT
CAMERON COUNTY, TEXAS

2

PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, COOPER TIRE & RUBBER COMPANY

SCANNED

JAN 2 3 2004

CERTIFIED COPY

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, COOPER TIRE & RUBBER COMPANY**

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of your claims or defenses (you need not marshal all evidence that may be offered at trial);

(d) The amount and method for calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to your control:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

SCANNED

JAN 2 3 2004

CERTIFIED COPY

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the Plaintiffs.

SCANNED
JAN 2 3 2004

4

PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, COOPER TIRE & RUBBER COMPANY

**CERTIFIED COPY**

**NO. 2003-06-3352-C**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFFS** | § | |
| **vs.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE** | § | |
| **DEFENDANTS** | § | **197th JUDICIAL DISTRICT** |

FILED ___ O'CLOCK ___
AURORA DE LA GARZA, CLERK
DEC 2 3 2003
DISTRICT COURT
Gloria Medrano

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, GENERAL MOTORS CORPORATION**

TO: Defendant, General Motors Corporation.

You are hereby served with Request for Disclosure pursuant to TEX. R. CIV. P. 194. You are to serve your responses upon Plaintiffs within fifty (50) days after you receive these discovery requests at the following law office:

**MARK B. BLACKBURN**
**ERSKINE & BLACKBURN, L.L.P.**
**6601 VAUGHT RANCH ROAD, SUITE 201**
**AUSTIN, TEXAS 78730**
**(512) 684-8900 - Telephone**
**(512) 684-8920 - Facsimile**
**mblackburn@erskine-blackburn.com**

SCANNED
JAN 2 3 2004

**CERTIFIED COPY**

Respectfully submitted,

By: ______________________
MARK B. BLACKBURN
State Bar No. 02388990
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
E-Mail: Mblackburn @Erskine-Blackburn.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

ATTORNEYS FOR PLAINTIFF

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY
DEPUTY
DISTRICT COURT
CAMERON COUNTY, TEXAS

2

PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, GENERAL MOTORS CORPORATION

SCANNED

JAN 23 2004

**CERTIFIED COPY**

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, GENERAL MOTORS CORPORATION**

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of your claims or defenses (you need not marshal all evidence that may be offered at trial);

(d) The amount and method for calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to your control:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

SCANNED

JAN 2 3 2004

CERTIFIED COPY

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the Plaintiffs.

4

PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, GENERAL MOTORS CORPORATION

SCANNED

JAN 23 2004

**CERTIFIED COPY**

**NO. 2003-06-3352-C**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA,** | § | **IN THE DISTRICT COURT** |
| **PLAINTIFFS** | § | |
| **vs.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE** | § | |
| **DEFENDANTS** | § | **197th JUDICIAL DISTRICT** |

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, JAIME'S TIRE STORE**

TO: Defendant, Jamie's Tire Store.

You are hereby served with Request for Disclosure pursuant to TEX. R. CIV. P. 194. You are to serve your responses upon Plaintiffs within fifty (50) days after you receive these discovery requests at the following law office:

**MARK B. BLACKBURN**
**ERSKINE & BLACKBURN, L.L.P.**
**6601 VAUGHT RANCH ROAD, SUITE 201**
**AUSTIN, TEXAS 78730**
**(512) 684-8900 - Telephone**
**(512) 684-8920 - Facsimile**
**mblackburn@erskine-blackburn.com**

SCANNED
JAN 2 3 2004

**CERTIFIED COPY**

Respectfully submitted,

By: ____________________
MARK B. BLACKBURN
State Bar No. 02388990
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
E-Mail: Mblackburn @Erskine-Blackburn.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

ATTORNEYS FOR PLAINTIFF

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY
DEPUTY
DISTRICT COURT
CAMERON COUNTY, TEXAS

SCANNED

JAN 23 2004

2

PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, JAIME'S TIRE STORE

**CERTIFIED COPY**

**PLAINTIFF ADONAI HERNANDEZ DE LA GARZA'S REQUEST FOR DISCLOSURE TO DEFENDANT, JAIME'S TIRE STORE**

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of your claims or defenses (you need not marshal all evidence that may be offered at trial);

(d) The amount and method for calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

(1) the expert's name, address, and telephone number;

(2) the subject matter on which the expert will testify;

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(4) if the expert is retained by, employed by, or otherwise subject to your control:

(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B) the expert's current resume and bibliography;

(g) discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

SCANNED

JAN 23 2004

CERTIFIED COPY

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the Plaintiffs.

SCANNED
JAN 2 3 2004

**CERTIFIED COPY**

NO. 2003-06-3352-C

| | | |
|---|---|---|
| EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, ADONAI HERNANDEZ DE LA GARZA, JESUS CAMACHO FLORES, | § | IN THE DISTRICT COURT |
| PLAINTIFFS | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE | § | |
| DEFENDANTS | § | 197 JUDICIAL DISTRICT |

3:40 P
JUN 30 2003
DISTRICT CLERK OF CAMERON COUNTY, TEXAS
Jessica Alvarez DEPUTY

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, ADONAI HERNANDEZ DE LA GARZA, AND JESUS CAMACHO FLORES ("Plaintiffs") and file this action against COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION and JAIME'S TIRE STORE ("Defendants"), and allege:

**1.0 DISCOVERY CONTROL PLAN**

1.1 Discovery in this case should be conducted under Level 3 of Rule 190, *Texas Rules of Civil Procedure*.

**CERTIFIED COPY**

**2.0 PARTIES**

2.1 Plaintiff EDNA SARAI FLORES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, AILANY JISSEL CHARLES is a resident of Mission, Hidalgo County, Texas. Plaintiff Edna Sarai Flores is the surviving wife of Jesus Homero Charles Espinoza, Deceased. Ailany Jissel Charles is the surviving child of Jesus Homero Charles Espinoza, Deceased.

2.2 Plaintiff, ELMA ESPINOZA is a resident of Reynosa Tamaulipas, Mexico. Ms. Espinoza is a surviving parent of Jesus Homero Charles Espinoza, Deceased.

2.3 Plaintiff ADONAI HERNANDEZ DE LA GARZA is a resident of Reynosa, Tamaulipas, Mexico.

2.4 Plaintiff JESUS CAMACHO FLORES is a resident of Reynosa Tamaulipas, Mexico.

2.5 Defendant, Cooper Tire & Rubber Company ("Cooper") is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

2.6 Defendant, General Motors Corporation ("GM"), is a Delaware Corporation doing and authorized to conduct business in the State of Texas. Defendant may be served with process by serving its registered agent, CT Corp. System, 350 N. Paul Street, Dallas, Texas 75201.

2.7 Defendant, Jaime's Tire Store ("Jaime's"), is a Texas Corporation doing and authorized to conduct business in the State of Texas.

**3.0. JURISDICTION AND VENUE**

3.1 This Court has jurisdiction over the subject matter of this action and its parties. Venue is proper in Cameron County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(3) because it is the county in which Defendant Jaime's Tire Store's principal office is located.

CERTIFIED COPY

**4.0 FACTS**

4.1 On or about February 23, 2003, Jesus Homero Charles Espinoza (hereinafter "Espinoza") was operating a green 1997 Chevrolet Silverado Blazer, VIN: 3GCEC28K5VG103965 (hereinafter "Espinoza vehicle"), with passengers, Adonai Hernandez De La Garza (hereinafter "Garza") and Jesus Camacho Flores (hereinafter "Flores") traveling eastbound on Highway 2 toward Matamoros, Mexico. On information and belief, the drivers side/left rear tire on the Espinoza vehicle, identified as Cooper Cobra Radial GT Tire No. 107T P27560R15 ("the Cooper tire") failed, and the vehicle in question rolled over.

4.2 All three occupants were ejected from the vehicle. Tragically, Espinoza died as a result of the accident. Passenger Adonai Hernandez De La Garza sustained brain damage and passenger Jesus Camacho Flores sustained severe and permanent injuries to his legs.

4.3 The injuries sustained by Plaintiffs were the direct result of defect in the design, manufacture and marketing of the Espinoza vehicle and the Cooper tire.

**5.0 CAUSES OF ACTION**

**Count I – Negligence with regard to Defendant GM**

5.1 GM owes a duty to the general public, including Plaintiffs, to design, manufacture, assemble and distribute vehicles that are safe for ordinary and foreseeable use by consumers.

5.2 GM negligently and carelessly designed, manufactured, assembled and distributed a vehicle that incorporated defective and unreasonably dangerous weight distribution and seat belt system. The vehicle was defective in that the distribution of weight was inadequate and uneven and the seat belt system was defective in that the belt was inadequate and, upon impact, it failed, causing instant ejection of Plaintiffs. The negligent design of the vehicle proximately caused the vehicle to become uncontrollable following the tire failure and proximately caused the vehicle to rollover ejecting and injuring the Plaintiffs. As designed, GM's Chevrolet Silverado Blazer was susceptible to rollover and its seat belt system was susceptible to tearing and separating in the foreseeable event of a tire failure.

**CERTIFIED COPY**

5.3 GM negligently failed to use ordinary care to protect the general public, including Plaintiffs, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the vehicle.

5.4 GM negligently failed to warn or give adequate notice of the foreseeable tendency of the Chevrolet Silverado Blazer to rollover and its seat belt system to fail, thereby causing the occupant to be severely injured upon impact of the vehicle.

5.5 GM knew or should have known that the vehicle may be involved in collisions and that such collisions could cause the Chevrolet Silverado Blazer to rollover and its seat belt system to fail and result in occupant injury.

5.6 As a direct and proximate result of GM' negligence, all occupants were ejected, and Espinoza died as a result of the accident. Passenger Adonai Hernandez De La Garza sustained brain damage and passenger Jesus Camacho Flores sustained severe and permanent injuries to his legs.

**Count II – Negligence with regard to Defendants Cooper and Jaime's**

5.7 Cooper and Jaime's owe a duty to the general public, including Plaintiffs, to design, manufacture, assemble, market and distribute tires that are safe for ordinary and foreseeable use by consumers.

5.8 Cooper and Jaime's negligently and carelessly designed, manufactured, assembled, marketed and distributed the defective and unreasonably dangerous tires. The tires were defective in that the treads separated from the tire without warning and, upon separation it caused the vehicle to rollover injuring Plaintiffs. As designed, Cooper's Cobra Radial GT Tire No. 107T P27560R15 was susceptible to separation and is defective, unreasonably dangerous and was a producing cause of Plaintiffs' vehicular rollover.

5.9 Cooper and Jaime's negligently failed to use ordinary care to protect the general public, including Plaintiffs, from a foreseeable and unreasonable risk of harm resulting from ordinary use of the tire.

**CERTIFIED COPY**

**5.10** Cooper and Jaime's negligently failed to warn or give adequate notice of the foreseeable tendency of the treads to separate from the Cooper tire in question, thereby causing the occupants to be severely injured following a tread separation.

**5.11** Cooper and Jaime's knew or should have known that the tires would be used for their intended purpose and during the course of their use, the treads would become compromised and could be the producing cause of a vehicular accident, resulting in occupant injury.

**5.12** As a direct and proximate result of Cooper and Jaime's' negligence, Espinoza lost control of his vehicle, was ejected and died as a result of the accident. Passenger Adonai Hernandez De La Garza was ejected and sustained brain damage and passenger Jesus Camacho Flores was ejected and sustained severe and permanent injuries to his legs.

**Count III – Failure to Warn with regard to Defendant GM**

**5.13** Plaintiff Espinoza was the owner and foreseeable user of the vehicle, and GM had a duty to adequately warn Plaintiff of the tendency of the Chevrolet Silverado Blazer's to roll and its seat belt system to fail thereby causing injury to the vehicle occupants.

**5.14** The hazards inherent in the vehicle's propensity to roll and its seat belt system's propensity to tear and separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Plaintiff.

**5.15** GM had knowledge of the latent defects in the vehicle's propensity to roll and seat belt system to fail that rendered the vehicle unsafe and unreasonably dangerous.

**5.16** It was reasonably foreseeable to GM that Plaintiff may be injured or killed as a result of the Chevrolet Silverado Blazer's propensity to roll and its seat belt system to fail while using the vehicle in the manner for which it was designed.

**5.17** GM's failure to warn Plaintiff of the latent defect in the vehicle was a direct and proximate cause of Plaintiffs' injuries.

**CERTIFIED COPY**

**Count IV – Failure to Warn with regard to Defendants Cooper and Jaime's**

**5.18** Plaintiff Espinoza was the owner and foreseeable user of the Cooper tires and Cooper and Jaime's had a duty to adequately warn Plaintiff of the tire tread's propensity to separate thereby causing injury to the vehicle occupants.

**5.19** The hazards inherent in the tire treads to separate was not obvious or reasonably apparent to an ordinary foreseeable user, and were not known to Plaintiffs.

**5.20** Cooper and Jaime's had knowledge of the latent defects in the tire tread's propensity to separate rendered the vehicle unsafe and unreasonably dangerous.

**5.21** It was reasonably foreseeable to Cooper and Jaime's that Plaintiffs may be injured or killed as a result of the tire tread's propensity to separate while using the tires in the manner for which it they were designed.

**5.22** Cooper and Jaime's failure to warn Plaintiffs of the latent defect in the tires were a direct and proximate cause of Plaintiffs' injuries.

**Count V – Breach of Implied Warranty**

**5.23** GM implied to members of the general public, including Plaintiffs, that the Espinoza vehicle were merchantable, safely designed, manufactured, sold, and intended to be used. Plaintiffs relied on those warranties in purchasing the subject vehicle.

**5.24** Cooper and Jaime's implied to members of the general public, including Plaintiffs, that the Cooper tires were merchantable, safely designed, manufactured, sold, and intended to be used. Plaintiffs relied on those warranties in purchasing the subject tires.

**5.25** At all times relevant, Defendants GM, Cooper and Jaime's were merchants in the business of supplying goods. The green 1997 Chevrolet Silverado Blazer, designed, marketed and manufactured by GM, and the Cobra Radial GT Tire No. 107T P27560R15 designed, marketed and manufactured by Cooper and Jaime's were goods and/or products sold for consumer usage.

**5.26** Plaintiffs were persons whom GM, Cooper and Jaime's reasonably expected to be users of the vehicle, and GM knew the purpose for which the 1997 Chevrolet Silverado Blazer was required

CERTIFIED COPY

and Cooper and Jaime's knew the purpose for which the Cobra Radial GT Tire No. 107T P27560R15 was required. GM, Cooper and Jaime's also knew that the general public, including Plaintiffs, relied on GM, Cooper and Jaime's skill and judgment to design and select suitable components and equipment for its vehicles.

**5.27** As such, GM, Cooper and Jaime's breached their implied warranties that the Espinoza vehicle and Espinoza tires were merchantable, safely designed, and fit for its particular purpose because in fact the Espinoza vehicle and tires were inherently dangerous and not fit for the purposes for which they were intended. The Espinoza vehicle instead incorporated a propensity to rollover, had a seat belt system that had a propensity to fail, and the Espinoza tires had a propensity to have treads that separated in the foreseeable event of a collision.

**5.28** As a direct and proximate result of the unfitness of the subject vehicle and tires, Plaintiff Espinoza suffered fatal injuries and Plaintiffs Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VI – Breach of Express Warranty**

**5.29** Plaintiffs will show that the injuries and damages sustained by Plaintiffs were caused by the breach of expressed warranties made by the GM, Cooper and Jaime's.

**5.30** GM, Cooper and Jaime's placed products into the stream of commerce that were a violation of each of their own express warranties.

**5.31** GM in placing the green 1997 Chevrolet Silverado Blazer, and Cooper and Jaime's, in placing the Cobra Radial GT Tire No. 107T P27560R15, into the stream of commerce, utilized advertising media and professional publications to promote the purchase and use of their products, and expressly warranted to members of the general public, including Plaintiffs, that their products were safe for their individual purposes.

**5.32** Plaintiffs relied upon the representations made by GM in the purchase of their vehicle and Cooper and Jaime's in the purchase of their tires.

CERTIFIED COPY

5.33 These breaches of warranty proximately caused the injuries and damages suffered by Plaintiffs.

**Count VII – Strict Liability with regard to Defendant GM**

5.34 At the time of GM's design and manufacture of the Espinoza vehicle and its distribution into the stream of commerce by GM, the Espinoza vehicle was in defective condition that rendered it unreasonably dangerous in that it had a propensity to cause the driver to lose control of the vehicle to rollover in the event of a tire failure, and be ejected due to a faulty seat belt system.

5.35 Those defects rendered the Espinoza vehicle an unreasonably dangerous product to all foreseeable users for which GM is strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

5.36 As a direct and proximate result of GM's defective design, manufacture and marketing of an unreasonably dangerous vehicle, Plaintiff Espinoza suffered fatal injuries and Plaintiffs Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

**Count VIII – Strict Liability with regard to Defendant Cooper**

5.37 At the time of Cooper's design and manufacture of the Espinoza tires and its distribution into the stream of commerce by Cooper, the Espinoza tires were in defective condition that rendered them unreasonably dangerous in that the tire treads had a propensity to separate without warning.

5.38 Those defects rendered the Espinoza tires an unreasonably dangerous product to all foreseeable users for which Cooper is are strictly liable in tort, pursuant to Tex. Civ. Prac & Rem. Code Chapter 82 and § 402A of the Restatement (Second) of Torts.

5.39 As a direct and proximate result of Cooper's defective design, manufacture and marketing of an unreasonably dangerous product, Plaintiff Espinoza suffered fatal injuries and Plaintiffs Adonai Hernandez De La Garza and Jesus Camacho Flores both sustained severe and permanent injuries.

CERTIFIED COPY

**Count IX – Gross Negligence with regard to Defendant GM**

**5.40** GM's action of designing and manufacturing the Espinoza vehicle with a propensity to rollover and eject its passengers in the event of a tire failure created an extreme degree of risk, considering the probability and magnitude of potential harm to others amounting to malice. GM is grossly negligent in defectively designing, manufacturing and marketing the Espinoza vehicle, which amounted to an entire want of care and conscious disregard and indifference to the rights, welfare, and safety of Plaintiffs, as well as the general public.

**Count X – Gross Negligence with regard to Defendants Cooper**

**5.41** Cooper's action of designing and manufacturing the Espinoza tires with a propensity for the treads to separate created an extreme degree of risk, considering the probability and magnitude of potential harm to others amounting to malice. Cooper is grossly negligent in defectively designing, manufacturing and marketing the Espinoza tires, which amounted to an entire want of care and conscious disregard and indifference to the rights, welfare, and safety of Plaintiffs, as well as the general public.

**6.0 Damages**



**CERTIFIED COPY**

b) Mental anguish, emotional pain, torment, and suffering experienced by Sarai Flores, Ailany Jissel Charles and Elma Espinoza because of the death of Jesus Homero Charles Espinoza in the past and future; and

d) exemplary damages.

**6.4** Damages sought by Plaintiffs Adonai Hernandez De La Garza, And Jesus Camacho Flores:

a) Physical pain and mental anguish in the past;

b) Physical pain and mental anguish that, in reasonable probability, they will suffer in the future;

c) Physical impairment in the past;

d) Physical impairment that, in reasonable probability, they will suffer in the future;

e) Medical expenses in the past;

f) Medical expenses that, in reasonable probability, they will incur in the future;

g) Loss of earnings in the past; and

**6.5** The damages sought are within the jurisdictional limits of this court.

**7.0 Prayer**

7.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that after a jury trial herein, they have judgment against Defendant, as follows:

a) Judgment against Defendant for all of Plaintiffs' actual damages, both general and special, as described above;

b) Exemplary damages pursuant to Tex. Civ. Prac. & Rem. Code § 41.003.

c) Pre-judgment and post-judgment interest pursuant to Tex. Rev. Civ. Stat. Ann. art. 5069-1.05;

d) Costs of court as authorized by Tex. R. Civ. P. 131; and

e) Such other relief to which Plaintiffs may be entitled, both general and special.

CERTIFIED COPY

Respectfully submitted,

By: [signature] with permission
MARK B. BLACKBURN
State Bar No. 02388990
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
E-Mail: Mblackburn @Erskine-Blackburn.com

AND

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

ATTORNEYS FOR PLAINTIFFS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
FEB 24 2004
BY [signature] DEPUTY
DISTRICT COURT CAMERON COUNTY, TEXAS

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** | § | |
| ***PLAINTIFFS,*** | § | **CASE NO. __________________** |
| **V.** | § | |
| **COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE** | § | |
| ***DEFENDANTS.*** | § | |

**INDEX**

1. Notice of Removal

2. Exhibit A – all executed process; Cause No. 2003-06-3352-C; *Edna Sarai Flores, Individually and as Next Friend of Ailany Jissel Charles, A Minor and on Behalf of the Estate of Jesus Homero Charles Espinoza, Deceased, Elma Espinoza, and Adonai Hernandez De La Garza vs. Cooper Tire & Rubber Company, General Motors Corporation, and Jaime's Tire Store;* In the 197th Judicial District Court of Cameron County, Texas.

3. Exhibit B – all pleadings not already included in Exhibit A - Cause No. 2003-06-3352-C; *Edna Sarai Flores, Individually and as Next Friend of Ailany Jissel Charles, A Minor and on Behalf of the Estate of Jesus Homero Charles Espinoza, Deceased, Elma Espinoza, and Adonai Hernandez De La Garza vs. Cooper Tire & Rubber Company, General Motors Corporation, and Jaime's Tire Store;* In the 197th Judicial District Court of Cameron County, Texas.

4. Exhibit C – Index of all matters filed in the 197th Judicial District Court of Cameron County, Texas.

5. Exhibit D – All known counsel of record; and

6. Exhibit E – Affidavit of Jaime's Representative.

# EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** | § | |
| ***PLAINTIFFS,*** | § | **CASE NO. ____________________** |
| **V.** | § | |
| **COOPER TIRE & RUBBER CO., GENERAL MOTORS CORPORATION AND JAIME'S TIRE STORE** | § | |
| ***DEFENDANTS.*** | § | |

**LIST OF ALL COUNSEL**

**Attorneys for Plaintiffs:**

Gil P. Peralez
The Peralez Law Firm LLP
4900 North Tenth Street, Ste. C3
McAllen, Texas 78504

Mark Blackburn
Blake C. Erksine, Jr.
Erskine & Blackburn
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730

Chris Franz
Franz Law Firm
4900 N. 10th Street, Suite C-3
McAllen, Texas 78504

James P. Grissom
James P. Grissom, P.C.
517 W. Nolana, #3
McAllen, Texas 78504

**Attorneys for Cooper Tire & Rubber Company:**

T. Christopher Trent
Raphael C. Taylor
Catherine H. Herrington
Johnson, Spalding, Doyle, West & Trent, L.L.P.
910 Travis, Suite 1700
Houston, Texas 77002

**Attorneys for General Motors Corporation:**

Deron L. Wade
Hartline, Dacus, Barger, Dreyer & Kern, L.L.P
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

**Attorneys for Jaime's Tire Store:**

Unknown.  Have not Answered.

**EXHIBIT "E"**

**CAUSE NO. 2003-06-3352-C**

| | | |
|---|---|---|
| **EDNA SARA FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| **COOPER TIRE AND RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE** | § | |
| **Defendants** | § | **197TH JUDICIAL DISTRICT** |

**STATE OF TEXAS §**
**§**
**COUNTY OF CAMERON §**

**AFFIDAVIT**

BEFORE ME, the undersigned authority, personally appeared Jaime Perez, who under oath was deposed and stated the following:

"My name is Jaime Perez. I am over the age of 18 years old and am competent to make this Affidavit. I have personal knowledge of the facts stated herein and the facts are true and correct."

"I am the owner of Jamie's Tire Store located at 3775 International Boulevard, Brownsville, Texas, 78521."

"Jamie's Tire Store did not manufacture or design the Cooper Cobra Radial GT Tire No. 107T P27560R15 identified in Plaintiffs' First Amended Original Petition."

"Jamie's Tire Store did not participate in the design of the Cooper Cobra Radial GT Tire No. 107T P27560R15 identified in Plaintiffs' First Amended Original Petition."

"Jamie's Tire Store did not alter or modify the Cooper Cobra Radial GT Tire No. 107T P27560R15 identified in Plaintiffs' First Amended Original Petition."

Further Affiant sayeth not.

Jaime Perez

SUBSCRIBED AND SWORN TO BEFORE ME by the said JAIME PEREZ on this 24th day of February, 2004, to certify which witness my hand and seal of office.

JOE MORENO
MY COMMISSION EXPIRES
October 1, 2006

Notary Public
In and for the State of Texas