United States District Court
Southern District of Texas
FILED

MAR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA,<br><br>    PLAINTIFFS<br><br>vs.<br><br>COOPER TIRE & RUBBER COMPANY, GENERAL MOTORS CORPORATION, AND JAIME'S TIRE STORE<br><br>    DEFENDANTS | § § § § § § § § § § § § § § § § § §<br><br>CASE NO. B04038 |

## PLAINTIFFS' JOINT MOTION FOR REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, EDNA SARAI FLORES, INDIVIDUALLY AND AS NEXT FRIEND OF AILANY JISSEL CHARLES, A MINOR AND ON BEHALF OF THE ESTATE OF JESUS HOMERO CHARLES ESPINOZA, DECEASED, ELMA ESPINOZA, AND ADONAI HERNANDEZ DE LA GARZA, and file this, Plaintiffs' Joint Motion for Remand and, pursuant to 28 U.S.C. §1447(c), would respectfully show the Court as follows:

### INTRODUCTION

1.    This is a personal injury and wrongful death, product liability lawsuit stemming from an automobile tire tread separation that resulted in a single vehicle rollover collision. The tire, a Cooper Cobra GT, was manufactured by Cooper Tire & Rubber Company and was installed by Jaime's Tire Store on a vehicle manufactured by General Motors. The incident

occurred on February 23, 2003, on Highway 2 in Matamoros, Mexico, resulting in catastrophic injuries and death.

2.      Plaintiffs' filed their Original Petition in this cause in the 197th State District Court in Cameron County, Texas, on June 30, 2003, naming Cooper Tire & Rubber Company, (hereafter Cooper Tire), General Motors and Jamie's Tire Store as party defendants.  (See the certified copy of Plaintiffs' Original Petition attached to Cooper Tire's Notice of Removal). Thereafter, on December 23, 2003, Plaintiffs, represented by two different attorneys, filed two separate First Amended Original Petitions.  Defendant Cooper Tire answered this lawsuit on February 13, 2004, and, thereafter, on or about February 25, 2004, removed this case to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§1332(a) and 1441(b) and Texas Civil Practice & Remedies Code section 82.003, contending that Defendant Jaime's Tire Store was fraudulently joined in order to defeat diversity jurisdiction.

3.      Plaintiffs hereby file this Joint Motion for Remand, seeking to have this Court remand this case to the 197th State District Court, Cameron County, Texas, because Jamie's Tire Store was not fraudulently joined and, therefore, there is no diversity jurisdiction.  28 U.S.C. §1447(c).

### STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

A.  Whether Texas Civil Practice & Remedies Code section 82.003 applies to a lawsuit filed on June 30, 2003?

B.  Whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to satisfy Cooper Tire's fraudulent joinder burden of demonstrating that Plaintiffs have *"no possibility"* of establishing a cause of action against Jaime's Tire Store?

## SUMMARY OF THE ARGUMENT

4.      This case should be remanded to the 197th State District Court because Texas

Civil Practice & Remedies Code section 82.003 does not apply to this lawsuit. Moreover, even

if section 82.003 were to apply to this lawsuit, Defendant Cooper Tire has failed to satisfy its

legal burden of establishing that Plaintiffs have "*no possibility*" of recovery against Jamie's Tire

Store and, therefore, that Jaime's Tire Store was fraudulently joined to defeat diversity

jurisdiction.

## ARGUMENT & AUTHORITIES

5.      "The burden of persuasion placed upon those who cry 'fraudulent joinder' is

indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). Where

charges of fraudulent joinder are used to establish federal jurisdiction, the removing party bears

the burden of proving the claimed fraud. *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000).

To prove their allegation of fraudulent joinder the removing party must demonstrate either that

there is "*no possibility*" that plaintiffs would be able to establish a cause of action against the

allegedly "fraudulently joinder" party in state court or that there has been outright fraud in the

plaintiff's pleading of jurisdictional facts. *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003); *Hart*

at 246; *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962). In evaluating fraudulent

joinder claims, this Court must resolve all disputed questions of fact and all ambiguities in the

controlling state law in favor of the Plaintiff. *Travis* at 649; *Hart,* at 246. It must then determine

whether the Plaintiff has any possibility of recovery against the party whose joinder is

questioned. *Id.* If there is arguably a reasonable basis for predicting that state law "might"

impose liability on the facts, then there is no fraudulent joinder. *Jernigan v. Ashland Oil Inc.,*

989 F.2d 812, 816 (5th Cir. 1993) *cert. denied* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). *See also Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

6.     As the party removing this case to federal court, the burden of showing subject matter jurisdiction rests with Cooper Tire. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921); *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000). The removal statutes are strictly construed and any doubt about the propriety of removal is construed against removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because Cooper Tire has failed to satisfy its legal burden of establishing fraudulent joinder (and therefore complete diversity of citizenship) this case should be remanded to the 197th State District Court.

7.     It is significant to recognize that Cooper Tire's Notice of Removal is based exclusively on the premise that Jaime's Tire Store was fraudulently joined because Texas Civil Practice & Remedies Code section 82.003 limits the liability of a "seller" of a product (Jaime's Tire Store) to certain limited situations, which Cooper Tire contends are inapplicable to the present lawsuit. Tex. Civ. Prac. & Rem. Code §82.003. There is no contention that Jaime's Tire store is not a citizen of the State of Texas or that there has been an outright fraud in Plaintiffs' pleading of jurisdictional facts.

8.     There is no merit to Cooper Tire's fraudulent joinder claim. First and foremost, Texas Civil Practice & Remedies Code section 82.003 only applies to actions filed "on or after July 1, 2003." See Tex. Civ. Prac. & Rem. Code §82.003 (West 2004).[1] Plaintiffs' Original Petition, (a certified copy of which is attached to and filed with Cooper Tire's Notice of Removal) was filed in the 197th State District Court on June 30, 2003. Therefore, it is clear from

---

[1] For the convenience of the Court, Plaintiffs have attached hereto and filed herewith a copy of Texas Civil Practice & Remedies Code section 82.003.

the face of the statute that it does not apply to this lawsuit. "An action filed before July 1, 2003, is governed by the law in effect immediately before the change in law…and that law is continued in effect for that purpose." *See historical notes following* Tex. Civ. Prac. & Rem. Code §82.003. Cooper Tire however, strategically and conveniently chose to ignore this critical fact in removing this case, choosing instead to misdirect this Court's attention to the filing dates of Plaintiff's First Amended Original Petitions; dates that are insignificant for purposes of determining the application of Texas Civil Practice & Remedies Code section 82.003.[2]

9.     Secondly, even if this Court were to somehow hold that Section 82.003 applies to this lawsuit, the evidence establishes that Jaime's Tire Store is not an "innocent retailer." Texas Civil Practice and Remedies Code section 82.003 provides that:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
> (1) that the seller participated in the design of the product;
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification; [or]
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;….

10.     The sales receipt for the tires in question, establishes that they were installed on the General Motors' vehicle by Jaime's Tire Store. (**Exhibit A**).[3] Therefore, in the unlikely event that this Court were to hold that section 82.003 applies to this lawsuit, Jaime's Tire Store would still be a proper defendant in this lawsuit pursuant to subsection 82.003(a)(3) since Jaime's Tire Store installed the product (Cooper tires) on another product (the GM vehicle).

---

[2] Section 23.02(d) of Acts 2003, 78th Leg., ch. 204 provides: ""Except as otherwise provided in this section or by a specific provision in an article, this Act applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose."

[3] All Exhibits referenced herein and attached hereto are hereby incorporated by reference for all purposes.

Whether the Plaintiffs' harm ultimately resulted from the Jaime's installation of the tires on the vehicle remains a question of fact, but considering the evidence in the light most favorable to Plaintiffs, for purposes of removal, it is clear that there exists at least the *"possibility"* that Plaintiffs will recover under a cause of action against Jaime's Tire Store. Tex. Civ. Prac. & Rem. Code §82.003(a)(3). Consequently, Cooper Tire has failed to establish its burden of proving that Jaime's Tire store was fraudulently joined to defeat diversity.

11.    Additionally, the sales receipt from Jaime's Tire Store establishes that the tires were sold with road hazard insurance.    **(Exhibit A)**.    In this regard the evidence further establishes that the tire that separated, had been patched twice. (See the photographs of the tire labeled **Exhibits B,1-4**). Viewing the evidence of road hazard insurance and the two tire patches in the light most favorable to Plaintiffs and resolving all disputed questions of fact and all ambiguities in Texas law in favor of the Plaintiffs, it is reasonable to conclude that Jaime's may be liable for altering and/or modifying the tire pursuant to subsection 82.003(a)(2). Because the evidence establishes that Plaintiffs have at least a *"possibility"* of recovering against Jaime's Tire Store under Texas Civil Practice & Remedies Code section 82.003(a)(2), Cooper Tire has once again failed to establish its fraudulent joinder burden of *"no possibility"* of recovery. *See Hart*, at 246.

12.    From a broader perspective, it appears likely that Cooper Tire will attempt to defend this case in part by contending that the two tire patches caused and/or contributed to cause the tread separation. It would therefore be intellectually dishonest and disingenuous to allow Cooper Tire to assert at present that Plaintiffs have no valid cause of action against Jaime's Tire Store for altering and/or modifying the tire, and then subsequently assert Jaime's Tire Store's modification and/or alteration of the tire as a defense. Therefore, on the outside chance

that this Court will entertain Cooper Tire's argument that Plaintiff does not have a potentially valid cause of action against Jaime's Tire Store for modifying and/or altering the tire under subsection 82.003(a)(2), this Court should judicially estop Cooper Tire from later asserting the defense that the tire patches contributed in any manner to the tread separation.

13.    On February 24, 2004, prior to this case being removed, Plaintiffs' counsel, Mark Blackburn, sent by facsimile, to all counsel of record, a copy of the receipt from Jaime's Tire Store, documenting the sale of the tires to Benito Hernandez. (**Exhibit C**). Mr. Blackburn also noted in his letter that Mr. Hernandez purchased 'Road Hazard' coverage. Shortly thereafter, on that same day, Mr. Blackburn had a telephone conversation with Catherine Harrington, counsel for Cooper Tire, during which Mr. Blackburn advised Ms. Harrington of the evidence establishing Jaime's Tire Store's legitimate status as a party defendant. Despite this knowledge, however, Ms. Harrington consciously chose to ignore the facts and removed this case on the basis of fraudulent joinder. Because counsel for Cooper Tire blatantly ignored the filing date of the original petition and ignored the evidence establishing Jaime's Tire Store as a proper party defendant, Cooper Tire improvidently removed this case to federal court. Consequently, and pursuant to 28 U.S.C. §1447(c), in remanding this case to state court, this Court should award Plaintiffs' counsel costs and attorney's fees of $4,000.00.

## CONCLUSION

14.    Viewing the evidence (the certified copy of Plaintiffs' Original Petition as well as **Exhibits A & B, 1-4**) in the light most favorable to Plaintiffs and resolving all disputed questions of fact and all ambiguities in Texas law in favor of Plaintiffs, this Court must reach the inescapable conclusion that Cooper Tire has failed to carry its fraudulent joinder burden of establishing that Plaintiffs have "*no possibility*" of recovery against Jaime's Tire Store. Texas

Civil Practice and Remedies Code section 82.003 does not apply to this lawsuit since this lawsuit was filed prior to July 1, 2003. Moreover, even if section 82.003 does apply, the evidence establishes that Plaintiffs have at least the *"possibility"* of recovering in a cause of action against Jaime's Tire Store, since it installed the tires and sold road hazard insurance covering the repairs that were made to the tire. Therefore, Jamie's Tire Store was not fraudulently joined and, as a result, this case was improvidently removed to federal court and should be remanded to the 197th State District Court.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court Grant Plaintiffs' Joint Motion For Remand, thereby remanding this cause to the 197th State District Court, Cameron County, Texas, based upon an absence of diversity jurisdiction, with costs and attorney's fees awarded to Plaintiffs and for such other and further relief, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

By: _____
MARK B. BLACKBURN
Attorney-In-Charge
State Bar No. 02388990
Southern District No. 14680
BLAKE C. ERSKINE, JR.
State Bar No. 00786383
Southern District No. 27042
JAMES F. TWOMBLY
State Bar No. 00797584
6601 Vaught Ranch Road, Suite 201
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920
Mblackburn @Erskine-Blackburn.com

GIL P. PERALEZ
State Bar No. 00791426
The Peralez Law Firm, L.L.P.
4900 North Tenth St., Suite C-3
McAllen, Texas 78504
Telephone (956) 682-3660
Facsimile (956) 682-3848

JAMES P. GRISSOM
State Bar No. 08511900
517 W Nolana #3
McAllen, TX 78504
Telephone (956) 994-1127
Facsimile: (956) 994-1145
E-Mail: jpgrissom5@cs.com

AND

CHRIS FRANZ
State Bar No. 00792514
Franz Law Firm
4900 N. 10th St., Suite C-3
McAllen, Texas 78504
Telephone: (956) 682-3660
Facsimile: (956) 682-3848
franzlaw@rgv.rr.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 8th and 11th, 2004, I conferred with Catherine H. Herrington, counsel for Cooper Tire & Rubber Company, regarding the merits of Plaintiffs' Motion to Remand. At that time, counsel for Cooper Tire & Rubber Company was still contemplating the merits of Plaintiffs' Motion to Remand. Due to time constraints, Plaintiffs have proceeded with filing their Joint Motion to Remand.

MARK B. BLACKBURN

V.T.C.A., Civil Practice & Remedies Code § 82.003

C

Vernon's Texas Statutes and Codes Annotated Currentness
  Civil Practice and Remedies Code (Refs & Annos)
    Title 4. Liability in Tort
      Chapter 82. Products Liability (Refs & Annos)

    →§ 82.003. Liability of Nonmanufacturing Sellers

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

(1) that the seller participated in the design of the product;

(2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

(3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4) that:

  (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

  (B) the warning or instruction was inadequate; and

  (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:

  (A) the seller made an express factual representation about an aspect of the product;

  (B) the representation was incorrect;

  (C) the claimant relied on the representation in obtaining or using the product; and

  (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:

  (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

  (B) the claimant's harm resulted from the defect; or

(7) that the manufacturer of the product is:

  (A) insolvent; or

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

V.T.C.A., Civil Practice & Remedies Code § 82.003

    (B) not subject to the jurisdiction of the court.

(b) This section does not apply to a manufacturer or seller whose liability in a products liability action is governed by Chapter 2301, Occupations Code. In the event of a conflict, Chapter 2301, Occupations Code, prevails over this section.

CREDIT(S)

Added by Acts 2003, 78th Leg., ch. 204, § 5.02, eff. Sept. 1, 2003.

HISTORICAL AND STATUTORY NOTES

2004 Electronic Update

2003 Legislation

Section 23.02(c) of Acts 2003, 78th Leg., ch. 204 provides:

"(c) Articles 4, 5, and 8 of this Act apply to an action filed on or after July 1, 2003. An action filed before July 1, 2003, is governed by the law in effect immediately before the change in law made by Articles 4, 5, and 8, and that law is continued in effect for that purpose."

Section 23.02(d) of Acts 2003, 78th Leg., ch. 204 provides:

"(d) Except as otherwise provided in this section or by a specific provision in an article, this Act applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose."

RESEARCH REFERENCES

2004 Electronic Update

**Forms**

Texas Jurisprudence Pleading & Practice Forms 2d Ed § 202:53, Introductory Comments.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

V.T.C.A., Civil Practice & Remedies Code § 82.003

V. T. C. A., Civil Practice & Remedies Code § 82.003, TX CIV PRAC & REM § 82.003


Current through the end of the 2003 Third Called Session


Copyright © 2004 by West, a Thomson business. All rights reserved.

END OF DOCUMENT


Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# JAIME'S TIRE STORE

**INVOICE**

3775 International Blvd.
Brownsville, TX 78521
Tel (956) 546-0656 • Fax (956) 546-0011

| INVOICE NO | 5174628 | |
|---|---|---|
| INVOICE DATE | 10-14-2000 | 2:18 PM |
| PAGE | 1 | |

**S O L D T O**
282384
BENITO HERNANDEZ
PLATEROS 31 CUIDAD ZATILDA

**S H I P T O**

| CUST. ORDER NO | TERMS | MAKE | MODEL | LIC. NO. | MILAGE |
|---|---|---|---|---|---|
| | | | | | |

| ITEM | ORDER | SHIP | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | 4 | 4 | 27560R15 COOPER COBRA GT W31396TY54 | 99.95 | 399.80 |
| 2 | 4 | 4 | COMPUTER WHEEL BALANCE =CB | 9.99 | 39.96n |
| 3 | 4 | 4 | TIRE DISPOSAL FEE =TF | 2.00 | 8.00 |
| 4 | 4 | 4 | ROAD HAZARD KIT=RH | 10.00 | 40.00n |
| 5 | 4 | 4 | VALVE STEM =VS | 3.00 | 12.00 |

```
                                         Sub-Total      499.76
                                         Tax 8.25%       34.63
                                         Total          534.39
                       #2823484  CHARGE On Account      534.39
```

Sales Person: JORGE
PERSONAL CREDIT, ACCOUNT DUE ON THE 25TH OF EACH MONTH

FREE Lifetime (Computer Balance * Tire Rotation * Flat Repairs)

WITH the Purchase Of ROAD HAZARD INSURANCE

JAIME'S TIRE STORE

All claims and returned goods MUST
be accompanied by the invoice.
NO CASH REFUNDS
NO EXCEPTION

**CHARGE ACCOUNTS**
TERMS: NET 30   A $15.00 LATE FEE CHARGE PER MONTH
on all past due amounts. Merchandise will be repossessed or account
will be sent for collections IF NOT PAID WITHIN 90 DAYS.

SIGNATURE


PLAINTIFF'S EXHIBIT A



















ERSKINE & BLACKBURN
L. L. P.

ATTORNEYS AT LAW
6601 VAUGHT RANCH ROAD, SUITE 201
AUSTIN, TEXAS 78730
TELEPHONE (512) 684-8900
FAX (512) 684-8920

February 24, 2004

Deron L. Wade Esq.
Kyle H. Dreyer Esq.
Hartline, Dacus, Barger, Dreyer & Kern, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, Texas 75206

Catherine H. Herrington Esq.
Johnson, Spalding, Doyle, West & Trent
910 Travis Street
17th Floor
Houston, TX 77002

Chad Tolar, Esq.
Garcia & Villarreal
4311 N. McColl Rd.
McAllen, TX 78504

Re:     Cause No. 2003-06-3352-C; *Edna Sarai Flores, Individually and as Next Friend of Ailany Jissel*
        *Charles, a Minor and On Behalf Of The Estate Of Jesus Homero Charles Espinoza, Deceased,*
        *Elma Espinoza, Adonai Hernandez De La Garza, and Jesus Camacho Flores, Plaintiffs vs.*
        *Cooper Tire & Rubber Company, General Motors Corporation, and Jaime's Tire Store,*
        *Defendants,* in the 197th Judicial District Court, Cameron County, Texas.

Dear Counsel:

        The purpose of this letter is to address the various issues and motions circulating regarding the
sale of the subject tire in this cause.

        Transmitted herewith is the receipt from Jaime's Tire Store documenting the sale of the tires to
Benito Hernandez on December 14, 2000. Additionally, Mr. Hernandez purchased 'Road Hazard'
coverage for the tires. I point this out as I anticipate there will be issues beyond the mere sale of the
subject tire by Jaime's relating to a subsequent repair.

        Should you have any questions or wish to discuss, please call.

                                                        Best Regards,

                                                        MARK B. BLACKBURN

PLAINTIFF'S
EXHIBIT
C

MBB/sk

cc:   Gil P. Peralez
The Peralez Law Firm, L.L.P.
4900 North Tenth St., Suite C-3
McAllen, Texas 78504

James P. Grissom
517 W Nolana #3
McAllen, TX 78504

Chris Franz
Franz Law Firm
4900 N. 10th St., Suite C-3
McAllen, Texas 78504



# INVOICE

3775 International Blvd.
Brownsville, TX 78521
Tel (956) 546-0656 • Fax (956) 546-0011

| INVOICE NO | 5174528 | |
|---|---|---|
| INVOICE DATE | 10-14-2000 | 2:18 PM |
| PAGE | 1 | |

282384
BENITO HERNANDEZ
PLATEROS 31 CUIDAD ZATILDA

SOLD TO

SHIP TO

| CUST. ORDER NO | TERMS | MAKE | MODEL | LIC. NO. | MILAGE |
|---|---|---|---|---|---|
| | | | | | |

| ITEM | ORDER | SHIP | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|---|---|
| 1 | 4 | 4 | 27560R15 COOPER COBRA GT W31396TY54 | 99.95 | 399.80 |
| 2 | 4 | 4 | COMPUTER WHEEL BALANCE  =CB | 9.99 | 39.96n |
| 3 | 4 | 4 | TIRE DISPOSAL FEE  =TF | 2.00 | 8.00 |
| 4 | 4 | 4 | ROAD HAZARD  KIT=RH | 10.00 | 40.00n |
| 5 | 4 | 4 | VALVE STEM  =VS | 3.00 | 12.00 |

|  | Sub-Total | 499.76 |
|---|---|---|
|  | Tax 8.25% | 34.63 |
|  | Total | 534.39 |
| #282384 CHARGE On Account | | 534.39 |

Sales Person: JORBE
PERSONAL CREDIT. ACCOUNT DUE ON THE 25TH OF EACH MONTH

FREE Lifetime (Computer Balance * Tire Rotation * Flat Repairs)

WITH the Purchase Of ROAD HAZARD INSURANCE

JAIME'S TIRE STORE

All claims and returned goods MUST
be accompanied by this invoice.
NO CASH REFUNDS
NO EXCEPTION

CHARGE ACCOUNTS
TERMS: NET 30  A $15.00 LATE FEE CHARGE PER MONTH
on all past due amounts. Merchandise will be repossessed or account
will be sent for collections IF NOT PAID WITHIN 90 DAYS.

SIGNATURE



ERSKINE & BLACKBURN
L L P.
ATTORNEYS AT LAW
6601 VAUGHT RANCH ROAD, SUITE 201
AUSTIN, TEXAS 78730
TELEPHONE (512) 684-8900
FAX (512) 684-8920

# FAX FROM MARK BLACKBURN

February 24, 2004

To:   **Catherine H. Herrington**          Facsimile Number: **713-222-2226**
      **Deron L. Wade**                     Facsimile Number: **214-369-2118**
      **Chad Tolar**                        Facsimile Number: **956-630-3631**
      **Gil Peralez**                       Facsimile Number: **956-682-3848**
      **Jim Grissom**                       Facsimile Number: **956-994-1145**
      **Chris Franz**                       Facsimile Number: **956-682-3848**

From:  **Mark Blackburn**

TOTAL NUMBER OF PAGES SENT:     3          Re:  **Flores v. Cooper Tire**
(Including Cover Sheet)

Comments: See attached correspondence.

CONFIDENTIALITY NOTICE:   Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is attorney privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited.   If you have received this communication in error, please notify the sender immediately by telephone and return the original message to the Erskine & Blackburn Law Firm at the above address via the U.S. Postal Service at our expense. Thank you.

## MESSAGE CONFIRMATION

### FEB-24-2004 03:39PM TUE

FAX NUMBER: 512-684-8920
NAME        : ERSKINE & BLACKBURN

```
NAME/NUMBER    :   8-19569941145
PAGE           :   003
START TIME     :   FEB-24-2004 03:38PM TUE
ELAPSED TIME   :   01'14"
MODE           :   G3 STD   ECM
RESULTS        :      [ O.K ]
```

# MESSAGE CONFIRMATION

## FEB-24-2004 03:37PM TUE

FAX NUMBER: 512-684-8920
NAME        : ERSKINE & BLACKBURN

| | | |
|---|---|---|
| NAME/NUMBER | : | 8-19566823848 |
| PAGE | : | 003 |
| START TIME | : | FEB-24-2004 03:36PM TUE |
| ELAPSED TIME | : | 01'04" |
| MODE | : | G3 STD  ECM |
| RESULTS | : | [ O.K ] |

## MESSAGE CONFIRMATION

### FEB-24-2004 03:36PM TUE

FAX  NUMBER: 512-684-8920
NAME       : ERSKINE & BLACKBURN

NAME/NUMBER   :   8-17132222226
PAGE          :   003
START TIME    :   FEB-24-2004 03:35PM TUE
ELAPSED TIME  :   00'35"
MODE          :   G3 STD   ECM
RESULTS       :      [ O.K ]

**MESSAGE CONFIRMATION**                    **FEB-24-2004 03:34PM TUE**

```
                              FAX  NUMBER: 512-684-8920
                              NAME       : ERSKINE & BLACKBURN
```

```
NAME/NUMBER      :   8-19566303631
PAGE             :   003
START TIME       :   FEB-24-2004 03:34PM TUE
ELAPSED TIME     :   00' 32"
MODE             :   G3 STD   ECM
RESULTS          :      [ O.K ]
```

## MESSAGE CONFIRMATION

### FEB-24-2004 03:33PM TUE

FAX NUMBER: 512-684-8920
NAME      : ERSKINE & BLACKBURN

```
NAME/NUMBER    :   8-12143692118
PAGE           :   003
START TIME     :   FEB-24-2004 03:32PM TUE
ELAPSED TIME   :   00'40"
MODE           :   G3 STD   ECM
RESULTS        :      [ O.K ]
```

**MESSAGE CONFIRMATION**                    FEB-24-2004 03:44PM TUE

FAX  NUMBER: 512-684-8920
NAME        : ERSKINE & BLACKBURN

NAME/NUMBER      :   8-19566823848
PAGE             :   003
START TIME       :   FEB-24-2004 03:43PM TUE
ELAPSED TIME     :   00'58"
MODE             :   G3 STD   ECM
RESULTS          :      [ O.K ]