


APR 26 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

**EDNA SARAI FLORES, ET AL.,** §
§
**Plaintiffs,** §
**v.** § **NO. B-04-38**
§
**COOPER TIRE & RUBBER CO., ET AL.,** §
§
**Defendants.** §

**ORDER OF REMAND**

BE IT REMEMBERED that on April 23, 2004, the Court **REMANDED** the above captioned case to the 197th Judicial District Court of Cameron County, Texas.

On February 25, 2004, Defendant Cooper Tire & Rubber Company removed this product liability case pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Cooper Tire argued Defendant Jaime's Tire Store was fraudulently joined, and as such this Court lacks diversity jurisdiction. The main issue of contention between the parties was whether Texas Civil Practice & Remedies Code § 82.003 applied to Jaime's Tire Store. Section 82.003(a) states, "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves . . ." that certain circumstances exist. This section, however, only applies to cases filed on or after July 1, 2003. See Tex. Civ. Prac. & Rem. Code § 82.003 (historical and statutory notes). When Defendant Cooper Tire & Rubber Company filed its Notice of Removal it mistakenly believed Plaintiffs filed their original petition after July 1, 2003. In reality, Plaintiffs filed their original petition on June 30, 2003. Realizing its error, Cooper Tire & Rubber Company, along with the Plaintiffs, now agree that the new legislative act, which substantially alters the law concerning strict product liability actions against sellers, does not apply to Jaime's Tire Store. Because the less restrictive laws in place prior to the effective date of the new act, September 1, 2003, govern this case,

Defendant Cooper Tire & Rubber Company agrees that it cannot meet the stringent standard necessary to demonstrate that Jaime's Tire Store is fraudulently joined.[1] See Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003). After a review of the relevant law and facts of this case, the Court agrees with the parties that Jaime's Tire Store has not been fraudulently joined, and thus this Court lacks jurisdiction because complete diversity does not exist between the parties.

The Court **GRANTS** the parties' Agreed Motion to Remand [Dkt. No. 7], and **REMANDS** this case to the 197th Judicial District Court of Cameron County, Texas.

DONE this 23rd day of April, 2004 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

[1] Plaintiffs also contend in their Motion for Remand that regardless of the effective date of the new act and the filing date of this cause of action, they can maintain an action against Defendant Jaime's Tire Store under section 82.003(a)(3) because Jaime's Tire allegedly installed the product at issue. See Pls' Motion for Remand, at p. 5 [Dkt. No. 4]. Because the parties and this Court agree that section 82.003 does not apply to Jaime's Tire Store, the Court need not reach the issue of whether subsection (a)(3) applies to Jaime's Tire and thus precludes an argument of fraudulent joinder based on the new act.